and 3(d) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving these objections, MCG Health states that the office space allocated to the Section of Cardiothoracic Surgery is in an area leased back by the Board of Regents from MCG Health. As described above, space leased back by the Board of Regents from MCG Health is allocated by the Board of Regents and not MCG Health. Consequently, MCG Health is not aware of each person that was allocated office space within the Section of Cardiothoracic Surgery, the reasons why such office space was allocated or the individuals within the Section of Cardiothoracic Surgery responsible for allocating office space.

## Interrogatory Twelve

**3(e) identify any and all notes, memorandum and writings of any kind that touch upon and referenced the assignment of office space within the cardiothoracic department within the Medical College of Georgia;**

## Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 3(e) as a subpart

of Interrogatory numbered 3 on the grounds that Interrogatory numbered 3(e) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed

within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can

stand alone and for these reasons should be counted individually as a discrete interrogatory and not

as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the

Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request

is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving these objections, MCG Health states that documents

responsive to Interrogatory numbered 3(e), in the form of floor plans and schematics prepared during

the renovation of the Section of Cardiothoracic Surgery, are available for inspection at the offices

of its counsel, Hull, Towill, Norman, Barrett & Salley, at a time mutually convenient to the parties.

<u>**Interrogatory Thirteen**</u>

**3(f) identify by name, job title, business address, business telephone number of each
such person that has custody, control of any documents referenced and or referred to
an or used in response to this Interrogatory No. 3.**

<u>**Response:**</u>

MCG Health objects to the plaintiff's designation of Interrogatory numbered 3(f) as a subpart

of Interrogatory numbered 3 on the grounds that Interrogatory numbered 3(f) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed

within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving this objection, MCG Health states that the following individuals have custody of documents used in responding to Interrogatories numbered 3, 3(a), 3(b), 3(c), 3(d) or 3(e):

Alethia Albright: Admin Specialist, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Ms. Albright may be contacted through counsel for MCG Health.

Richard A. Tobias: Vice President of Facilities Services, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Mr. Tobias may be contacted through counsel for MCG Health.

### Interrogatory Fourteen

4.    **Please state whether Plaintiff was required to relinquish and or be reassigned office space by anyone at the Medical College of Georgia and if Interrogatory No. 4, is responded to in the affirmative, then please provide:**

**4(a) the dates that Plaintiff was required to relinquish and or be reassigned office space at the Medical College of Georgia;**

**4(b) each and every reason that Plaintiff was required to relinquish and or be reassigned office space at the Medical College of Georgia;**

**4(c) the name and job title of each person that was involved in any discussion and or decision that involved the matter of Plaintiff's relinquishment and or reassignment of office space at the Medical College of Georgia;**

**4(d) identify and describe the office space that Plaintiff was required to relinquish and or be reassigned from at the Medical College of Georgia;**

**4(e) identify and describe the office space that Plaintiff was reassigned to at the Medical College of Georgia;**

15

**Response:**

MCG Health is aware that the plaintiff alleges that his office space was reassigned when the space allocated to the Section of Cardiothoracic Surgery was renovated. This space is in an area leased back by the Board of Regents from MCG Health. As described above, office space leased back by the Board of Regents from MCG Health is allocated by the Board of Regents and not MCG Health. Consequently, if the plaintiff's office space was reassigned, such reassignment was made by the Board of Regents acting through the Medical College of Georgia and its Section of Cardiothoracic Surgery. MCG Health is thus not aware of the dates on which the plaintiff's office space may have been reassigned or the name of each person that may have been involved in any discussion or decision involving the reassignment of the plaintiff's office space. Apart from the allegations made by the plaintiff in his Complaint and at his deposition, MCG Health is not aware of the office space that the plaintiff occupied or the office space to which the plaintiff may have been reassigned.

## Interrogatory Fifteen

**4(f) identify any and all notes, memorandum and writings of any kind that touch upon and reference the assignment and reassignment of office space to the Plaintiff at the Medical College of Georgia, and;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 4(f) as a subpart of Interrogatory numbered 4 on the grounds that Interrogatory numbered 4(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can

16

stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving this objection, MCG Health states that it does not have documents of the type sought by Interrogatory numbered 4(f) in its possession or custody.

### Interrogatory Sixteen

**4(g) identify by name, job title, business address, business telephone number of each such person that has custody, control and possession of any documents referenced and or referred to and or used in response to this Interrogatory No. 4.**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 4(g) as a subpart of Interrogatory numbered 4 on the grounds that Interrogatory numbered 4(g) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving this objection, MCG Health states that the following individuals have custody of documents used in responding to Interrogatories numbered 4, 4(a), 4(b), 4(c), 4(d) or 4(e):

Alethia Albright: Admin Specialist, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Ms. Albright may be contacted through counsel for MCG Health.

Richard A. Tobias: Vice President of Facilities Services, MCG Health, 1120 15th Street,

Augusta, Georgia 30912.  Mr. Tobias may be contacted through counsel for MCG Health.

**Interrogatory Seventeen**

     5.      **With respect to any office space referred to in the preceding Interrogatories No. 1., through 4., above, and with respect to offices occupied by Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde, please describe fully and completely;**

       **5(a) each and every office space within the cardiothoracic department of the Medical College of Georgia that was occupied by Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz;**

       **5(b) the specific dates that each such physician Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde occupied any such assigned office space;**

**Response:**

     MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

     Subject to and without waiving this objection, MCG Health states that the office space allocated to the Section of Cardiothoracic Surgery is in an area leased back by the Board of Regents from MCG Health.  As described above, office space leased back by the Board of Regents from MCG Health is allocated by the Board of Regents and not MCG Health.  Consequently, MCG Health is not aware of the offices occupied by Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr. or Dr. Thomas Gadacz within the Section of Cardiothoracic Surgery except to the extent shown by the documents produced in response to Interrogatory numbered 3(e).  MCG Health is likewise

not aware of the specific dates that Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr.,

Dr. Thomas Gadacz or Dr. Kwabena Mawulawde occupied any such office space.

### Interrogatory Eighteen

**5(c) identify any and all notes, memorandum and writings of any kind that touch upon and reference offices occupied by Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde at the Medical College of Georgia, and**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 5(c) as a subpart

of Interrogatory numbered 5 on the grounds that Interrogatory numbered 5(c) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed

within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can

stand alone and for these reasons should be counted individually as a discrete interrogatory and not

as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the

Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request

is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving these objections, MCG Health states that documents

responsive to Interrogatory numbered 3(e), in the form of floor plans and schematics prepared during

the renovation of the Section of Cardiothoracic Surgery, may also be responsive to Interrogatory

19

numbered 5(c). These documents are available for inspection at the offices of its counsel, Hull, Towill, Norman, Barrett & Salley, at a time mutually convenient to the parties.

**Interrogatory Nineteen**

**5(d) identify by name, job title, business address, business telephone number of each such person that has custody, control and possession of any documents referenced and or referred to and or used in response to this Interrogatory No. 5.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 5(d) as a subpart of Interrogatory numbered 5 on the grounds that Interrogatory numbered 5(d) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving this objection, MCG Health states that the following individuals have custody of documents used in responding to Interrogatories numbered 5, 5(a), 5(b) or 5(c):

Alethia Albright: Admin Specialist, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Ms. Albright may be contacted through counsel for MCG Health.

Richard A. Tobias: Vice President of Facilities Services, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Mr. Tobias may be contacted through counsel for MCG Health.

**Interrogatory Twenty**

**6.      Please provide the name, job title and annual salary to include any bonus that**

20

**Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde were entitled to and received during any year of the discovery period, and with respect to the annual salary and bonus of the named physicians;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving this objection, MCG Health states that it does not and did not employ Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, or Dr. Kwabena Mawulawde. Instead, these individuals were or are employed by the Board of Regents, through the Medical College of Georgia. Consequently, MCG Health is not aware of the annual salary of Dr. Landolfo, Dr. Anstadt, Dr. Zumbro, Dr. Gadacz or Dr. Mawulawde.

In further response, MCG Health states that it compensated the Physicians Practice Group for medical administrative services performed by Dr. Landolfo as Co-Medical Director, Cardiovascular Center of Excellence for fiscal years 2004, 2005 and 2006 and as Clinical Service Chief, Cardiovascular Surgery for fiscal year 2006. MCG Health also transferred an incentive payment for certain fiscal years to the Physicians Practice Group in Dr. Landolfo's behalf. MCG Health also compensated the Physicians Practice Group for medical administrative services performed by Dr. Gadacz as Medical Director, Adult Operative Services for fiscal year 2001, as Clinical Service Chief, Surgery for fiscal years 2002 and 2003 and as Clinical Service Chief, Surgery and Dentistry for fiscal year 2004. MCG Health also transferred an incentive payment for certain

21

fiscal years to the Physicians Practice Group in Dr. Gadacz's behalf.

## Interrogatory Twenty-One

**6(a) identify any and all notes, memorandum and writings of any kind that touch upon and reference the salary and bonus of Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde at the Medical College of Georgia, and;**

## Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 6(a) as a subpart of Interrogatory numbered 6 on the grounds that Interrogatory numbered 6(a) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving these objections, MCG Health states that documents responsive to Interrogatory numbered 6(a) have been previously produced to the plaintiff in response to the Plaintiff's First Interrogatory to Defendant Don Snell numbered 24. Additional documents reflecting compensation to the Physicians Practice Group for medical administrative services

performed by Dr. Landolfo and Dr. Gadacz as well as incentive payments transferred to the

Physicians Practice Group on behalf of Dr. Landolfo and Dr. Gadacz are available for inspection at

the offices of its counsel, Hull, Towill, Norman, Barrett & Salley, at a time mutually convenient to

the parties.

### Interrogatory Twenty-Two

**6(b) identify by name, job title, business address, business telephone number of each such person that has custody, control and possession of any documents referenced and or referred to an or used in response to this Interrogatory No. 6.**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 6(b) as a subpart

of Interrogatory numbered 6 on the grounds that Interrogatory numbered 6(b) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed

within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can

stand alone and for these reasons should be counted individually as a discrete interrogatory and not

as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the

Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving this objection, MCG Health states that the following

individuals have custody of documents used in responding to Interrogatories numbered 6 or 6(a):

Christy B. Johnson, Administrative Assistant to the Chief Medical Officer, MCG Health,

1120 15th Street, Augusta, Georgia 30912. Ms. Johnson may be contacted through counsel for MCG

Health.

Donna F. Knowles, Administrative Assistant – Human Resources, MCG Health, 1120 15th

Street, Augusta, Georgia 30912. Ms. Knowles may be contacted through counsel for MCG Health.

Donald F. Snell, President and CEO, MCG Health, 1120 15th Street, Augusta, Georgia 30912. Mr. Snell may be contacted through counsel.

**Interrogatory Twenty-Three**

**7.      With respect to the cardiothoracic department of the Medical College of Georgia, Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde, and with respect to each person named, please provide:**

**7(a) the date that each person so named became employed with the Medical College of Georgia;**

**7(b) the job title and job position that each such person held at the time that each person so named became employed with the Medical College of Georgia;**

**Response:**

MCG Health does not and did not employ Dr. Kevin Landolfo, Dr. Mark Anstadt, Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde. Instead, these individuals are employed by the Board of Regents, through the Medical College of Georgia. Consequently, MCG Health is not aware of the date that these individuals became employed with the Board of Regents or of the job title and job position that each held at the time that each became employed with the Board of Regents.

**Interrogatory Twenty-Four**

**7(c) the number of and the names of each resident that each such person was assigned at the time that each person was employed with the Medical College of Georgia;**

**7(d) the dates and names of each resident that was assigned to Dr. Kevin Landolfo, Dr. Mark Anstadt; Dr. Lionel Zumbro, Jr., Dr. Thomas Gadacz, and Dr. Kwabena Mawulawde for training;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 7(c) and 7(d)

24

as subparts of Interrogatory numbered 7 on the grounds that Interrogatories numbered 7(c) and 7(d)

can be answered fully and completely without reference to any other interrogatory, are not logically

or factually subsumed within any other interrogatory, are unnecessary to the understanding of any

other interrogatory and can stand alone and for these reasons should be counted individually as a

discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of

Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the ground that such request

is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving this objection, MCG Health states that it does not employ

residents and is not involved in the assignment of residents.  Instead, residents are employed and

assigned by the Board of Regents through the Medical College of Georgia.  Consequently, MCG

Health is not aware of the names of each resident who was assigned to Dr. Landolfo, Dr. Anstadt,

Dr. Zumbro, Dr. Gadacz or Dr. Mawulawde.

### Interrogatory Twenty-Five

**7(e) identify each and every letter, note, memorandum and writing of any kind that touch upon the information requested in Interrogatory No. 7;**

**7(f) identify by name, job title, business address, business telephone number of each such person that has custody, control and possession of any letter, note, memorandum and writing of any kind that touch upon references, refers to and or was used in response to this Interrogatory No. 7.**

25

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 7(e) and 7(f)

as subparts of Interrogatory numbered 7 on the grounds that Interrogatories numbered 7(e) and 7(f)

can be answered fully and completely without reference to any other interrogatory, are not logically

or factually subsumed within any other interrogatory, are unnecessary to the understanding of any

other interrogatory and can stand alone and for these reasons should be counted individually as a

discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of

Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

Subject to and without waiving these objections, MCG Health states that it does not have

possession or custody of any documents responsive to this Interrogatory.

### Interrogatory Twenty-Six

**8.    Please describe in detail how the Medical College of Georgia recruits for physicians who are engaged in training residents to include the cardiothoracic surgery department at the Medical College of Georgia, and with respect to such recruitment procedure, please provide the following:**

**8(a) each and every step in the recruitment process for physicians who are engaged in training residents in the cardiothoracic surgery department at the Medical College of Georgia;**

**8(b) the name, title, business address, and business telephone number of each and every person that assists in recruiting for physicians who are engaged in training residents in the cardiothoracic surgery department at the Medical College of Georgia;**

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Twenty-Seven

**8(c) any and all written policies and procedures that touch upon, address and or govern recruitment procedure for physicians who are engaged in training residents in the cardiothoracic surgery department at the Medical College of Georgia;**

**8(d) the name, title, and address of each person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern recruitment procedure for physicians who are engaged in training residents in the cardiothoracic surgery department at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 8(c) and 8(d) as subparts of Interrogatory numbered 8 on the grounds that Interrogatories numbered 8(c) and 8(d) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Twenty-Eight

9.    **Please describe in detail the budget earmarked and dedicated for the cardiothoracic department at the Medical College of Georgia, for each year beginning January 2001, and in regards to the budget earmarked and dedicated for the cardiothoracic department, please provide the following:**

27

**9(a) the percentage of the budget that was allocated for research in the cardiothoracic department at the Medical College of Georgia;**

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Twenty-Nine

**9(b) the name of each and every person who performed research pursuant to the budget earmarked and dedicated for the cardiothoracic department at the Medical College of Georgia;**

**9(d) the name of each and every physician in the cardiothoracic department of the Medical College of Georgia who had a research budget assigned to them, and the specific dollar amount allocated to each physician for research;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 9(b) and 9(d) as subparts of Interrogatory numbered 9 on the grounds that Interrogatories numbered 9(b) and 9(d) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Thirty

**9(c) each and every source from which monies for the research budget was received;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 9(c) as a subpart of Interrogatory numbered 9 on the grounds that Interrogatory numbered 9(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Thirty-One

**9(e) the name of each and every research project within the cardiothoracic department of the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 9(e) as a subpart of Interrogatory numbered 9 on the grounds that Interrogatory numbered 9(e) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Thirty-Two**

**9(f) the criteria for a physician to receive a research budget within the cardiothoracic department of the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 9(f) as a subpart of Interrogatory numbered 9 on the grounds that Interrogatory numbered 9(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

30

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Thirty-Three

**9(g) a detailed job description of each and every physician in the cardiothoracic department of the Medical College of Georgia who had a research budget assigned to them;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 9(g) as a subpart

of Interrogatory numbered 9 on the grounds that Interrogatory numbered 9(g) can be answered fully

and completely without reference to any other interrogatory, is not logically or factually subsumed

within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can

stand alone and for these reasons should be counted individually as a discrete interrogatory and not

as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the

Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Thirty-Four

**9(h) any and all written policies and procedures that touch upon, address and or govern the research budget for the cardiothoracic department at the Medical College of Georgia;**

**9(i) the name, title, business address, and business phone number of each person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the research budget for the cardiothoracic**

31

**department at the Medical College of Georgia.**

**<u>Response:</u>**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 9(h) and 9(i) as subparts of Interrogatory numbered 9 on the grounds that Interrogatories numbered 9(h) and 9(i) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

<u>**Interrogatory Thirty-Five**</u>

**10.      Please identify by name, and job title each and every physician at the Medical College of Georgia whose contract was terminated or not renewed, and for each and every physician whose contract was terminated or not renewed at the Medical College of Georgia, please provide the following:**

> **10(a) each and every reason for the decision to terminate contract the contract or not to renew the contract of each and every physician at the Medical College of Georgia;**

**<u>Response:</u>**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the

32

Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory

**Interrogatory Thirty-Six**

**10(b) the name, title, business address and business telephone number of each and every person who participated in any meetings, sessions, conversations and/or discussions regarding the decision to terminate the contract or not to renew the contract of each and every physician at the Medical College of Georgia;**

**10(c) the role of each and every person in each and every meeting, session, conversation and/or discussion that resulted in a decision to terminate the contract or not renew the contract of each and every physician at the Medical College of Georgia;**

**10(e) the date(s) and time(s) that such person(s) participated in each and every decision to terminate the contract or not to renew the contract of each and every physician at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 10(b), 10(c) and 10(e) as subparts of Interrogatory numbered 10 on the grounds that Interrogatories numbered 10(b), 10(c) and 10(e) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary

33

to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Thirty-Seven

**10(d) each and every document that was generated as a result of each and every meeting, session, conversation and/or discussion regarding the decision to terminate the contract or not to renew the contract of each and every physician at the Medical College of Georgia;**

**10(f) any and all letters, notes, memorandum and/or documents that were reviewed and/or generated by each and every person that participated in each and every decision to terminate the contract or not to renew the contract of each and every physician at the Medical College of Georgia;**

34

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 10(d) and

10(f) as subparts of Interrogatory numbered 10 on the grounds that Interrogatories numbered 10(d)

and 10(f) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such

interrogatory seeks discovery of information regarding individuals other than surgeons who were

members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System

of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are

not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Thirty-Eight

**10(g) any and all written policies and procedures that touch upon, address and or**

35

govern the termination or non-renewal of a physician's contract at the Medical College of Georgia;

10(h) the name, title, business address, and business telephone number of each person who currently has possession, control and custody of all written policies and procedures that touch upon, address or govern the termination or non-renewal of a physician's contract at the Medical College of Georgia.

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 10(g) and 10(h) as subparts of Interrogatory numbered 10 on the grounds that Interrogatories numbered 10(g) and 10(h) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

<u>**Interrogatory Thirty-Nine**</u>

**11.    Please identify by name, and job title each and every physician at the Medical College of Georgia who was denied a promotion, and for each and every physician who was denied a promotion at the Medical College of Georgia, please provide the following:**

**11(a) each and every reason for the decision to deny the promotion of each and every physician at the Medical College of Georgia;**

<u>**Response:**</u>

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks

discovery of information regarding individuals other than surgeons who were members of the

Section of Cardiothoracic Surgery of the Board of Regents of the University System of

Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not

reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

<u>**Interrogatory Forty**</u>

**11(b) the name, title, business address and business telephone number of each and every person who participated in any meetings, sessions, conversations and/or**

37

discussions regarding the decision to deny the promotion of each and every physician at the Medical College of Georgia;

11(c) the role of each and every person in each and every meeting, session, conversation and/or discussion that resulted in a decision to deny the promotion of each and every physician at the Medical College of Georgia;

11(e) the date(s) and time(s) that such person(s) participated in each and every decision to deny the promotion of each and every physician at the Medical College of Georgia;

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 11(b), 11(c) and 11(e) as subparts of Interrogatory numbered 11 on the grounds that Interrogatories numbered 11(b), 11(c) and 11(e) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, Mr. Snell is not required to answer this interrogatory.

### Interrogatory Forty-One

**11(d) each and every document that was generated as a result of each and every meeting, session, conversation and/or discussion regarding the decision to deny the promotion of each and every physician at the Medical College of Georgia;**

**11(f) any and all letters, notes, memorandum and/or documents that were reviewed and/or generated by each and every person that participated in each and every decision to deny the promotion of each and every physician at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 11(d) and 11(f) as subparts of Interrogatory numbered 11 on the grounds that Interrogatories numbered 11(d) and 11(f) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are

39

not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Forty-Two

**11(g) any and all written policies and procedures that touch upon, address and or
govern the denial of a physicians promotion at the Medical College of Georgia;**

**11(h) the name, title, business address, and business telephone number of each person
who currently has possession, control and custody of all written policies and procedures
that touch upon, address and or govern the denial of a physician's promotion at the
Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 11(g) and

11(h) as subparts of Interrogatory numbered 11 on the grounds that Interrogatories numbered 11(g)

and 11(h) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such

40

interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Three

**12.    Please provide the name of each and every chief of each and every department in the Medical College of Georgia, and with respect to each chief of each department, provide the following:**

**12(a) the name of each and every department in the Medical College of Georgia;**

**12(b) the purpose of each and every department in Medical College of Georgia;**

**12(c) how long each and every department has been in existence at the Medical College of Georgia;**

**12(d) the business address and business telephone number of each and every chief of each and every department in the Medical College of Georgia;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the

41

Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Forty-Four**

**12(e) the job description of each and every chief in each and every department at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 12(e) as a subpart of Interrogatory numbered 12 on the grounds that Interrogatory numbered 12(e) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such

42

interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Five

**12(f) the salary and bonus of each and every chief in each and every department at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 12(f) as a subpart of Interrogatory numbered 12 on the grounds that Interrogatory numbered 12(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

43

interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Six

**12(g) any and all written policies and procedures that touch upon, address and or govern the position of each and every chief in each and every department in the Medical College of Georgia;**

**12(h) the name, title, business address, and business telephone number of each person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the position of each and every chief in each and every department at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 12(g) and 12(h) as subparts of Interrogatory numbered 12 on the grounds that Interrogatories numbered 12(g) and 12(h) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

44

of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Seven

13.    **Please describe in detail the job description for chief of cardiothoracic surgery after the departure of Dr. Lionel Zumbro, Jr. and with regard to the position for chief of cardiothoracic surgery after the departure of Dr. Zumbro, please provide the following:**

13(a) the date that Dr. Zumbro vacated the position of chief of cardiothoracic surgery at the Medical College of Georgia;

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit

45

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Eight

**13(b) the name, title, business address and business telephone number of each and every person that applied for the position of chief of cardiothoracic surgery at the Medical College of Georgia after the position was vacated by Dr. Lionel Zumbro, Jr.;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 13(b) as a subpart of Interrogatory numbered 13 on the grounds that Interrogatory numbered 13(b) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Forty-Nine

**13(c) the date the position of chief of cardiothoracic surgery at the Medical College of Georgia was actually filled after the position was vacated by Dr. Zumbro;**

**13(d) the name, previous job title, business address, and business telephone number of the person who filled the position of chief of cardiothoracic surgery after the departure**

46

of Dr. Zumbro;

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 13(c) and 13(d) as subparts of Interrogatory numbered 13 on the grounds that Interrogatories numbered 13(c) and 13(d) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

<u>**Interrogatory Fifty**</u>

**13(e) the previous job description of the person who filled the position of chief of cardiothoracic surgery after the departure of Dr. Zumbro;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 13(e) as a subpart of Interrogatory numbered 13 on the grounds that Interrogatory numbered 13(e) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete

47

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

<b><u>Interrogatory Fifty-One</u></b>

**13(f) the salary and bonus of the position that was previously held by the person who filled the position of chief of cardiothoracic surgery after the departure of Dr. Zumbro;**

**<u>Response:</u>**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 13(f) as a subpart of Interrogatory numbered 13 on the grounds that Interrogatory numbered 13(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

48

## Interrogatory Fifty-Two

**13(g) the interview procedures used to fill the position of chief of cardiothoracic surgery after the position was vacated by Dr. Zumbro;**

**13(h) the name, title, business address and business telephone number of each and every person involved in the interview process to fill the position of chief of cardiothoracic surgery after the departure of Dr. Zumbro;**

**13(i) the name, title, business address, and business telephone number of each and every person that made the final decision as to who would be the chief of cardiothoracic surgery at the Medical College of Georgia after the position was vacated by Dr. Zumbro;**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 13(g), 13(h) and 13(i) as subparts of Interrogatory numbered 13 on the grounds that Interrogatories numbered 13(g), 13(h) and 13(i) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Fifty-Three

**13(j) the salary and bonus of the person selected to fill the position of chief of**

49

**cardiothoracic surgery after the departure of Dr. Zumbro;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 13(j) as a subpart of Interrogatory numbered 13 on the grounds that Interrogatory numbered 13(j) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Fifty-Four

**13(k) any and all written policies and procedures that touch upon, address and or govern filling the position for chief of cardiothoracic surgery after the departure of Dr. Zumbro.**

**13(l) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern filling the position for chief of cardiothoracic surgery after the departure of Dr. Zumbro.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 13(k) and 13(l) as subparts of Interrogatory numbered 13 on the grounds that Interrogatories numbered 13(k) and

13(l) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Fifty-Five

**14.    Please identify each and every lawsuit that names the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc., or any of its affiliates as a party defendant, to include each and every medical malpractice lawsuit, which involved a physician or surgeon, and with respect to each lawsuit, please provide;**

> **14(a) the nature of the complaint filed in each and every lawsuit filed against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

> **14(b) the name, business address and business telephone number of each and every patient who filed each and every lawsuit against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

> **14(c) the name, business address and business telephone number of each and every physician involved in each and every lawsuit against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

> **14(j) the complete names of all party Plaintiffs, all named Defendants, the name of the court and the State in which the lawsuit was filed, the docket number of each lawsuit and the status and/or deposition of each and every lawsuit;**

51

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Fifty-Six**

52

14(d) whether the involved physician's medical staff privileges were summarily suspended or limited due to any issues of quality of care of a patient, or not demonstrating the skills required for adequate patient care and that said physician's medical treatment fell below the standard of care;

14(e) the date(s) that the physician's medical staff privileges were summarily suspended or limited in any way;

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 14(d) and 14(e) as subparts of Interrogatory numbered 14 on the grounds that Interrogatories numbered 14(d) and 14(e) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Fifty-Seven**

**14(f) whether the physician's contract was terminated or not renewed due to a lawsuit being filed;**

**14(g) the date(s) that the physician's contract was terminated, or not renewed due to a lawsuit being filed;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 14(f) and

14(g) as subparts of Interrogatory numbered 14 on the grounds that Interrogatories numbered 14(f)

and 14(g) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such

interrogatory seeks discovery of information regarding individuals other than surgeons who were

members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System

of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are

not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

54

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Fifty-Eight

**14(h) a complete chronology, including specific dates, and the names of any committees that became involved in any way with any physician that is named in response to this Interrogatory No. 15 due to a lawsuit being filed;**

## Response:

MCG Health objects to the plaintiff's designation of Interrogatory numbered 14(h) as a subpart of Interrogatory numbered 14 on the grounds that Interrogatory numbered 14(h) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

55

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Fifty-Nine

**14(i) specifically identify any and all memorandum, notes, letters, minutes and writings of any kind that touch upon, address and or deal with any instance of any physician so involved in a lawsuit regarding medical malpractice against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 14(i) as a subpart of Interrogatory numbered 14 on the grounds that Interrogatory numbered 14(i) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

56

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Sixty**

**14(k) any and all written policies and procedures that touch upon, address and/or**

govern any filed against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;

14(l) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern any lawsuits filed against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 14(k) and 14(l) as subparts of Interrogatory numbered 14 on the grounds that Interrogatories numbered 14(k) and 14(l) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Sixty-One**

**15.    Please identify and list each and every formal and informal complaint of any kind against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc. or any of its affiliates to include each and every Equal Employment Opportunity Commission (EEOC) complaint and each and every violation of the Georgia Fair Employment Act which involved a physician and/or surgeon, and with respect to each and every formal and informal complaint, please provide;**

> **15(a) the name, title, business address, and business telephone number of each and every employee of the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc. who filed such complaint against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

> **15(b) whether or not each and every employee who filed a formal or informal complaint received a right to sue letter from EEOC;**

> **15(c) the date(s) and time(s) that each and every employee received a right to sue letter from EEOC;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks

discovery of information regarding individuals other than surgeons who were members of the

Section of Cardiothoracic Surgery of the Board of Regents of the University System of

Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not

reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

59

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Sixty-Two

**15(d) the name, title, business address, and business telephone number of each and very employee who filed a lawsuit after receipt of a right to sue letter;**

**15(e) the Plaintiff name, Defendant name, case number, court and State where lawsuit was filed and disposition of each and every lawsuit that was filed;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 15(d) and 15(e) as subparts of Interrogatory numbered 15 on the grounds that Interrogatories numbered 15(d) and 15(e) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered

60

2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Sixty-Three

**15(f) a complete chronology, including specific dates, and the names of any committee that became involved in any way with any employee that is named in response to this Interrogatory No. 16 due to a formal complaint, an informal complaint or lawsuit of any kind against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 15(f) as a subpart of Interrogatory numbered 15 on the grounds that Interrogatory numbered 15(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are

61

not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Sixty-Four

**15(g) specifically identify any and all memorandum, notes, letters, minutes and writings of any kind that touch upon, address and or deal with any instance of any employee so involved with a formal or informal EEOC complaint or lawsuit of any kind against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 15(g) as a subpart of Interrogatory numbered 15 on the grounds that Interrogatory numbered 15(g) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory to the extent that it seeks discovery of material protected by the attorney-client privilege or within the scope of attorney work product doctrine.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Sixty-Five

**15(h) any and all written policies and procedures that touch upon, address and/or**

govern any informal complaints, and/or lawsuits of any kind filed against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.;

15(i) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern any informal complaints, formal complaints, and/or lawsuits of any kind against the Medical College of Georgia, MCG HealthCare, and MCG Health, Inc.

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 15(h) and 15(i) as subparts of Interrogatory numbered 15 on the grounds that Interrogatories numbered 15(h) and 15(i) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Sixty-Six**

**16.    Please provide fully and in detail the job responsibility of chief of cardiothoracic surgery at the Medical College of Georgia and with respect to the position of chief of cardiothoracic surgery at the Medical College of Georgia, please provide the following:**

> **16(a) a description of the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Sixty-Seven**

> **16(b) the name, title, business address and business telephone number of the person who created the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

> **16(c) the date that the position became a part of the cardiothoracic surgery department at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 16(b) and

16(c) as subparts of Interrogatory numbered 16 on the grounds that Interrogatories numbered 16(b)

and 16(c) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

65

of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Sixty-Eight

**16(d) the name, title, business address and business telephone number of each and every person who has held the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**16(e) the dates the each person held the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**16(g) the name, title, business address and business telephone number of the supervisor of each and every chief of cardiothoracic surgery at the Medical College of Georgia;**

66

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 16(d), 16(e) and 16(g) as subparts of Interrogatory numbered 16 on the grounds that Interrogatories numbered 16(d), 16(e) and 16(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Sixty-Nine

**16(f) each and every reason why each and every chief of cardiothoracic surgery vacated the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 16(f) as a subpart of Interrogatory numbered 16 on the grounds that Interrogatory numbered 16(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Seventy**

**16(h) any and all written policies and procedures that touch upon, address and/or govern the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**16(i) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the position of chief of cardiothoracic surgery at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 16(h) and 16(i)

as subparts of Interrogatory numbered 16 on the grounds that Interrogatories numbered 16(h) and

16(i) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

69

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Seventy-One

17.    **Please provide the name of each and every patient that expired under the care of Dr. Landolfo and Dr. Anstadt, and with respect to each and every patient, provide the following:**

    **17(a) the occupation, business address and business telephone number of each and every patient at the time of each and every surgical procedure;**

    **17(b) the age of the deceased patient at the time of each and every surgical procedure;**

**Response:**

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information

protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq.,

and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory to the extent that it seeks protected health

information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability

and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a

70

qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Seventy-Two

**17(c) each and every reason that each and every patient underwent surgery;**

**17(d) the type of surgical procedure that patient received;**

**17(e) the date and time of each and every surgical procedure performed by Dr. Landolfo and Dr. Anstadt that resulted in the expiration of each and every patient;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 17(c), 17(d) and 17(e) as subparts of Interrogatory numbered 17 on the grounds that Interrogatories numbered 17(c), 17(d) and 17(e) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and

71

November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Seventy-Three**

**17(f) the name, title, business address, and business telephone number of each and every person who was in attendance during the surgical procedure performed by Dr. Landolfo and Dr. Anstadt that resulted in the expiration of each and every patient to include each and every physician, technician, anesthesiologist, scrub nurse, assisting nurses, etc.;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 17(f) as a subpart of Interrogatory numbered 17 on the grounds that Interrogatory numbered 17(f) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

73

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Seventy-Four

**17(g) each and every administrative procedure that was followed as a result of the expiration of each and every patient while under the care of Dr. Landolfo and Dr. Anstadt during a surgical procedure;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 17(g) as a

subpart of Interrogatory numbered 17 on the grounds that Interrogatory numbered 17(g) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information

protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq.,

and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Seventy-Five

**17(h) any and all written policies and procedures that touch upon, address and/or govern the expiration of a patient during a surgical procedure performed by Dr. Landolfo and Dr. Anstadt at the Medical College of Georgia;**

**17(i) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the expiration of a patient during a surgical procedure performed by Dr. Landolfo and Dr. Anstadt at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 17(h) and 17(i) as subparts of Interrogatory numbered 17 on the grounds that Interrogatories numbered 17(h) and 17(i) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Seventy-Six**

**18.     Please provide each and every job title ever held by Drs. Kevin Landolfo, Mark Anstadt, Lionel Zumbro, Thomas Gadacz, and Kwabena Mawulawde at the Medical College of Georgia, and with respect to each and every job title, please provide the following:**

**18(a) the job description of each and every position held by each named physician;**

**18(b) the beginning and ending dates that each named physician held each and every position;**

**18(d) the salary and bonus for each and every position held by each named physician;**

**18(e) the immediate supervisor of each named physician in each and every position held by each named physician;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Seventy-Seven

**18(c) each and every reason why each named physician vacated each and every position held by each named physician;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 18(c) as a subpart of Interrogatory numbered 18 on the grounds that Interrogatory numbered 18(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Seventy-Eight

**18(f) any and all written policies and procedures that touch upon, address and/or govern the job titles and responsibilities of Drs. Kevin Landolfo, Mark Anstadt, Lionel Zumbro, Thomas Gadacz, and Kwabena Mawulawde at the Medical College of Georgia;**

**18(g) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the job titles and responsibilities of Drs. Kevin Landolfo, Mark Anstadt, Lionel Zumbro, Thomas Gadacz, and Kwabena Mawulawde at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 18(f) and 18(g) as subparts of Interrogatory numbered 18 on the grounds that Interrogatories numbered 18(f) and 18(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Seventy-Nine

**19.      Please provide the name, title, business address, business telephone number, and social security number of each and every person who provided or assisted in providing responses to Plaintiff Kwabena Mawulawde, M.D.'s, First Interrogatories to Defendant Medical College of Georgia.**

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Eighty

**20.      Please provide the name of each and every person that assisted Dr. Mark Anstadt in performing each and every surgical procedure in the cardiothoracic department at the Medical College of Georgia, and with respect to each and every surgical procedure for which Dr. Anstadt received assistance, please provide the following:**

**20(a) the name, title, business address and business telephone number of each and every physician who assisted Dr. Anstadt with each and every surgical procedure;**

**20(b) the name, title, business address and business telephone number of each and every medical personnel and/or administrative personnel who assisted in the operating room or who assisted Dr. Anstadt outside of the operating room in preparation for each and every surgical procedure that Dr. Anstadt performed with the assistance of another physician;**

**20(c) the name, business address, and business telephone number of each and every patient on which Dr. Anstadt performed a surgical procedure with the assistance of another physician;**

**20(d) each and every type of surgical procedure that was performed by Dr. Anstadt with the assistance of another physician;**

**20(e) the number of surgical procedures that Dr. Anstadt performed with the assistance of another physician;**

**20(f) the date(s) and time(s) of each and every surgical procedure that Dr. Anstadt performed with the assistance of another physician;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome in that the doctor named in this interrogatory treated hundreds of patients at the hospitals and clinics of the Medical College of Georgia, and a response to this interrogatory as stated would require an individualized review of each and every medical record for each of those patients.

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-One

**20(g) please provide the name, and address, at the time of each and every surgical procedure, of each and every patient that expired while Dr. Anstadt was performing a surgical procedure with the assistance of another physician;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 20(g) as a subpart of Interrogatory numbered 20 on the grounds that Interrogatory numbered 20(g) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

81

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Two

**20(h) state whether any physicians refused to assist Dr. Anstadt with his surgical procedures and the date(s) and time(s) such refusals occurred;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 20(h) as a subpart of Interrogatory numbered 20 on the grounds that Interrogatory numbered 20(h) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Three

**20(i) if Dr. Anstadt performed surgical procedures without the assistance of another physician, the name, business address, and business telephone number of each and every patient on which Dr. Anstadt performed surgical procedure without the assistance of another physician;**

**20(j) each and every type of surgical procedure that was performed by Dr. Anstadt without the assistance of another physician;**

**20(k) the number of surgical procedures that Dr. Anstadt performed without the assistance of another physician;**

**20(l) the date(s) and time(s) of each and every surgical procedure performed by Dr. Anstadt without the assistance of another physician;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 20(i), 20(j),

20(k) and 20(l) as subparts of Interrogatory numbered 20 on the grounds that Interrogatories numbered 20(i), 20(j), 20(k) and 20(l) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome in that the doctor named in this interrogatory treated hundreds of patients at the hospitals and clinics of the Medical College of Georgia, and a response to this interrogatory as stated would require an individualized review of each and every medical record for each of those patients.

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not

84

reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Four

**20(m) the name, and address, at the time of the surgical procedure, of each and every patient that expired while Dr. Anstadt was performing a surgical procedure without the assistance of another physician;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 20(m) as a subpart of Interrogatory numbered 20 on the grounds that Interrogatory numbered 20(m) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

85

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Five

**20(n) any and all written policies and procedures that touch upon, address and/or govern Dr. Mark Anstadt's surgical procedures in the cardiothoracic department at the Medical College of Georgia;**

**20(o) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern Dr. Mark Anstadt's surgical procedures in the cardiothoracic department at the Medical College of Georgia.**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 20(n) and 20(o) as subparts of Interrogatory numbered 20 on the grounds that Interrogatories numbered 20(n)

and 20(o) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Six

**21.    Please describe fully and in detail the surgical residency program at the Medical College of Georgia and with respect to the surgical residency program, please provide the following:**

**21(a) the name of each and every physician that was involved in the surgical residency program;**

**21(b) the role of each and every physician in the surgical residency program at the Medical College of Georgia;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

87

seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Eighty-Seven**

**21(c) the number of residents in the surgical residency program at a given time;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 21(c) as a subpart of Interrogatory numbered 21 on the grounds that Interrogatory numbered 21(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

88

interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being unduly vague in its use of the term "any given time" on the ground that this term does not provide MCG Health with sufficient notice of the time period for which the requested information is sought to formulate an answer to this interrogatory.

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Eighty-Eight**

**21(d) the number of residents who successfully completed the surgical residency program at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 21(d) as a subpart of Interrogatory numbered 21 on the grounds that Interrogatory numbered 21(d) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the

improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Eighty-Nine

**21(e) the number of residents that left the surgical residency program prior to completion of the program;**

**21(f) each and every reason why each and every resident left the surgical residency program at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 21(e) and 21(f) as subparts of Interrogatory numbered 21 on the grounds that Interrogatories numbered 21(e) and 21(f) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System

91

of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Ninety

**21(g) name of each and every department under the surgical residency program at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 21(g) as a subpart of Interrogatory numbered 21 on the grounds that Interrogatory numbered 21(g) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory Ninety-One

**21(h) any and all written policies and procedures that touch upon, address and/or govern the surgical residency program at the Medical College of Georgia;**

**21(o) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the surgical residency program at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 21(h) and 21(o) as subparts of Interrogatory numbered 21 on the grounds that Interrogatories numbered 21(h) and 21(o) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

93

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Ninety-Two

**22.    Please describe fully and in detail each and every consideration that was given to Dr. Mawulawde concerning the position of chief of cardiothoracic surgery at the Medical College of Georgia, and with respect to consideration that was given to Dr. Mawulawde, please provide the following:**

**22(a) each and every interview that was given to Dr. Mawulawde for the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**22(c) the date(s) and time(s) of each and every interview that was given to Dr. Mawulawde for the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**22(d) the name, title, business address, and business telephone number of each and every person that was involved in the decision making process to interview Dr. Mawulawde for the position of chief of cardiothoracic surgery at the Medical College**

94

of Georgia;

**Response:**

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Ninety-Three

**22(b) the criteria used to determine if Dr. Mawulawde would proceed to the next round of interviews for the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**22(e) the name, title, business address, and business telephone number of each and every person that was involved in the decision making process to advance Dr. Mawulawde to the next round of interviews for the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 22(b) and 22(c) as subparts of Interrogatory numbered 22 on the grounds that Interrogatories numbered 22(b) and 22(c) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Ninety-Four**

**22(f) the name, title, business address, and business telephone number of each and every person who made the decision not to give the position of chief of cardiothoracic surgery to Dr. Mawulawde;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 22(f) as a

subpart of Interrogatory numbered 22 on the grounds that Interrogatory numbered 22(f) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory Ninety-Five**

**22(g) each and every reason that Dr. Mawulawde was not selected for the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 22(g) as a

96

subpart of Interrogatory numbered 22 on the grounds that Interrogatory numbered 22(g) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

<b><u>Interrogatory Ninety-Six</u></b>

**22(h) any and all written policies and procedures that touch upon, address and/or govern each and every consideration that was given to Dr. Mawulawde concerning the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**22(i) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern each and every consideration that was given to Dr. Mawulawde concerning the position of chief of cardiothoracic surgery at the Medical College of Georgia.**

**<u>Response:</u>**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 22(h) and 22(i)

as subparts of Interrogatory numbered 22 on the grounds that Interrogatories numbered 22(h) and

22(i) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

97

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory Ninety-Seven

**23.    Please explain in detail how long Dr. Mark Anstadt has been practicing medicine, and with respect to Dr. Anstadt's practice of medicine, please provide the following:**

> **23(a) the process by which Dr. Anstadt was recruited to become a physician at the Medical College of Georgia; and by whom he was recruited to become a physician at the Medical College of Georgia, including the name, title, business address, and business telephone number of each and every person involved in recruiting Dr. Anstadt as a physician at the Medical College of Georgia;**

> **23(d) each and every recommendation that was made on behalf of Dr. Anstadt and the name, title, business address, and business telephone number of each and every person who made each and every recommendation;**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

seeks discovery of information predating July 1, 2000 on the grounds that such requests are not

relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad

and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory Ninety-Eight**

**23(b) the date and time Dr. Anstadt began to practice medicine at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(b) as a subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(b) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

99

## Interrogatory Ninety-Nine

**23(c) each and every job title ever held by Dr. Anstadt while at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(c) as a subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred

**23(e) each and every position held by Dr. Anstadt while at the Medical College of Georgia and how long he held each and every position;**

100

**23(f) each and every reason why Dr. Anstadt was given each and every position that he held at the Medical College of Georgia;**

**23(g) the name, title, business address, and business telephone number of each and every supervisor of Dr. Anstadt while at the Medical College of Georgia;**

**23(h) the salary and bonus including all subsequent pay raises of Dr. Anstadt in each and every position at the Medical College of Georgia;**

**23(i) each and every contract applicable to each and every position held by Dr. Anstadt at the Medical College of Georgia;**

<u>**Response:**</u>

MCG Health objects to the plaintiff's designation of Interrogatories numbered 23(e), 23(f), 23(g), 23(h) and 23(g) as subparts of Interrogatory numbered 23 on the grounds that Interrogatories numbered 23(e), 23(f), 23(g), 23(h) and 23(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory Hundred and One

**23(j) the name, title, business address, and business telephone number of each and every surgeon that ever trained Dr. Anstadt in surgical procedures at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(j) as a subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(j) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

102

## Interrogatory One Hundred and Two

**23(k) Dr. Anstadt's pediatric cardiac experience if any;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(k) as a subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(k) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Three

**23(l) each and every off-pump surgery performed by Dr. Anstadt at the Medical College of Georgia including the name and address of each patient on which the off-pump surgery was performed;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(l) as a subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(l) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

103

interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome in that the doctors named in this interrogatory treated hundreds of patients at the hospitals and clinics of the Medical College of Georgia, and a response to this interrogatory as stated would require an individualized review of each and every medical record for each of those patients.

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Four

**23(m) describe in detail each and every evaluation of Dr. Anstadt while working at the
Medical College of Georgia in each and every capacity, including the name, title,
business address, and business telephone number of each and every person who made
the evaluation of Dr. Anstadt;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 23(m) as a

subpart of Interrogatory numbered 23 on the grounds that Interrogatory numbered 23(m) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information

protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Five

**23(n) any and all written policies and procedures that touch upon, address and/or govern Dr. Anstadt's practice of medicine;**

**23(g). the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern Dr. Anstadt's practice of medicine.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 23(n) and 23(g) as subparts of Interrogatory numbered 23 on the grounds that Interrogatories numbered 23(n) and 23(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

106

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Six

**24.    Please explain fully and in detail each and every reason why the thoracic surgery section of the Medical College of Georgia was placed on probation and in danger of losing its accreditation, and with respect to said probation and accreditation, please provide the following:**

**24(a) the date and time that the thoracic surgery section of the Medical College of Georgia began its probation;**

**24(b) the name, title, business address and business telephone number of each and every person that made the decision to place the thoracic surgery section of the Medical College of Georgia on probation;**

### Response:

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

seeks discovery of information predating July 1, 2000 on the grounds that such requests are not

relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad

and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Seven

**24(c) the name, title, business address and business telephone number of each and every physician that was on staff in the thoracic surgery section of the Medical College of Georgia when the thoracic surgery section of the Medical College of Georgia began its probation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 24(c) as a subpart of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

108

## Interrogatory One Hundred and Eight

**24(d) each and every reason why the thoracic surgery section of the Medical College of Georgia was removed from probation;**

**24(e) the date and time that the thoracic surgery section of the Medical College of Georgia was removed from probation;**

**24(f) the name, title, business address and business telephone number of each and every person that made the decision to remove the thoracic surgery section of the Medical College of Georgia from probation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 24(d), 24(e) and 24(f) as subparts of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(d), 24(e) and 24(f) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

109

Case 1:05-cv-00099-JRH-WLB    Document 73-3    Filed 02/23/06    Page 98 of 99

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Nine

**24(g) the name, title, address and business phone of each and every physician that was on staff in the thoracic surgery section of the Medical College of Georgia when the thoracic surgery section of the Medical College of Georgia was removed from probation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 24(g) as a

subpart of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(g) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

110

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Ten

**24(h) the date that the thoracic surgery section of the Medical College of Georgia received full accreditation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 24(h) as a subpart of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(h) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Eleven

111