**24(i) provide the name, title, business address, and business telephone number of each and every physician that was on staff when the thoracic surgery section of the Medical College of Georgia received full accreditation;**

**24(j) the job description of each and every physician that was on staff when the thoracic surgery section of the Medical College of Georgia received full accreditation;**

**24(k) a list of any special skills of each and every physician that was on staff when the thoracic surgery section of the Medical College of Georgia received full accreditation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 24(i), 24(j) and 24(k) as subparts of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(i), 24(j) and 24(k) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 and to the extent that such interrogatory seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

112

MCG Health further objects to this interrogatory as being unduly vague in its use of the term "special skills" on the ground that this term does not provide MCG Health with sufficient notice of the information being requested to formulate an answer to this interrogatory.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Twelve

**24(l) any and all written policies and procedures that touch upon, address and/or govern the thoracic surgery section of the Medical College of Georgia's probation and accreditation;**

**24(m) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the thoracic surgery section of the Medical College of Georgia's probation and accreditation.**

## Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 24(l) and 24(m) as subparts of Interrogatory numbered 24 on the grounds that Interrogatories numbered 24(l) and 24(m) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Thirteen

**25.       Please explain in detail how long Dr. Landolfo has been practicing medicine, and with respect to Dr. Landolfo's practice of medicine, please provide the following:**

**25(a) the process by which Dr. Landolfo was recruited to become a physician at the Medical College of Georgia, and by whom he was recruited including the name, title, business address, and business telephone number of each and every person involved in recruiting Dr. Landolfo as a physician at the Medical College of Georgia;**

## Response:

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Fourteen

**25(b) the date and time Dr. Landolfo began to practice medicine at the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 25(b) as a subpart of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(b) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

<strong><u>Interrogatory One Hundred and Fifteen</u></strong>

**25(c) each and every job title ever held by Dr. Landolfo while at the Medical College of Georgia, including the beginning and ending dates that Dr. Landolfo held each and every position that he held while at the Medical College of Georgia;**

**25(e) the salary and bonus of each and every position held by Dr. Landolfo while at the Medical College of Georgia;**

**25(f) each and every contract applicable to each and every position held by Dr. Landolfo while at the Medical College of Georgia;**

**25(g) the name, title, business address, and business telephone number of each and every one of Dr. Landolfo's superiors while Dr. Landolfo was employed by the Medical College of Georgia;**

**25(l) describe in detail the contracts that controlled each and every position held by Dr. Landolfo at the Medical College of Georgia;**

115

**25(m) the date and time Dr. Landolfo ceased to practice medicine at the Medical College of Georgia;**

**25(n) each and every separation notice, termination letter, or letter of resignation given to or received from Dr. Landolfo at the time of his departure from the Medical College of Georgia;**

## Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 25(c), 25(e), 25(f), 25(g), 25(l), 25(m) and 25(n) as subparts of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(c), 25(e), 25(f), 25(g), 25(l), 25(m) and 25(n) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Sixteen

**25(d) the name, title, business address, and business telephone number of each and every person who recommended Dr. Landolfo for each and every position he held at the Medical College of Georgia;**

**25(h) each and every recommendation that was made on behalf of Dr. Landolfo concerning each and every position held by Dr. Landolfo at the Medical College of Georgia, including the name, title, business address, and business telephone number of each and every person who made the recommendation;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 25(d) and 25(h) as subparts of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(d) and 25(h) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Seventeen

**25(i) Dr. Landolfo's pediatric cardiac experience, if any;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 25(i) as a subpart of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(i) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Eighteen

**25(j) each and every off-pump surgery performed by Dr. Landolfo at the Medical College of Georgia or any other health care facility, including the name and address of each patient on which the off-pump surgery was performed;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 25(j) as a subpart of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(j) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability

and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a

qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory One Hundred and Nineteen**

**25(k) each and every evaluation of Dr. Landolfo while working at the Medical College of Georgia in each and every position held by Dr. Landolfo, including the name, title, business address, and business telephone number of each person who gave the evaluation of Dr. Landolfo;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 25(k) as a

subpart of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(k) can be

answered fully and completely without reference to any other interrogatory, is not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory to the extent that it seeks information

protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq.,

and by the federal self critical analysis privilege.

119

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty

**25(o) any and all written policies and procedures that touch upon, address and/or govern Dr. Landolfo's practice of medicine;**

**25(p) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern Dr. Landolfo's practice of medicine.**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 25(o) and 25(p) as subparts of Interrogatory numbered 25 on the grounds that Interrogatories numbered 25(o) and 25(p) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory One Hundred and Twenty-One**

26.    Please describe in detail each and every complaint that was made against Dr. Anstadt during his tenure in whatever capacity at the Medical College of Georgia or any other health care facility, and with respect to any such complaints, please provide the following;

26(a) each and every complaint of any kind that was made against Dr. Anstadt by any and all of Dr. Anstadt's peers at the Medical College of Georgia and the nature of each such complaint;

26(b) the name, title, business address, and business telephone number of each and every peer who made a complaint of any kind against Dr. Anstadt;

**Response:**

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory One Hundred and Twenty-Two**

121

**26(c) each and every complaint that was made against Dr. Anstadt by any and all of Dr. Anstadt's superiors at the Medical College of Georgia and the nature of each such complaint;**

**26(d) the name, title, business address, and business telephone number of each and every superior who made a complaint of any kind against Dr. Anstadt;**

**Response:**

MCG Health objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health objects to the plaintiff's designation of Interrogatories numbered 26(c) and 26(d) as subparts of Interrogatory numbered 26 on the grounds that Interrogatories numbered 26(c) and 26(d) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

122

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Three

**26(e) each and every complaint of any kind that was made against Dr. Anstadt by any and all of Dr. Anstadt's patients at the Medical College of Georgia and the nature of each such complaint;**

**26(f) the name, title, business address, and business telephone number of each and every patient who made a complaint of any kind against Dr. Anstadt;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 26(e) and 26(f) as subparts of Interrogatory numbered 26 on the grounds that Interrogatories numbered 26(e) and 26(f) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

123

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory to the extent that it seeks protected health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Four

**26(f) each and every complaint that was made against Dr. Anstadt by each and every resident nurse who worked with Dr. Anstadt at the Medical College of Georgia and the nature of each such complaint;**

**26(g) the name, title, business address, and business telephone number of each and every resident nurse who made a complaint of any kind against Dr. Anstadt;**

### Response:

MCG Health objects to the plaintiff's designation of Interrogatories numbered 26(f) and 26(g) as subparts of Interrogatory numbered 26 on the grounds that Interrogatories numbered 26(f) and 26(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

124

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information

protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq.,

and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Five

**26(h) each and every peer review process due to any complaints of any kind against Dr. Anstadt, including the reason for the peer review, and the name, title, business address, and business telephone number of all members of any peer review committee;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 26(h) as a

subpart of Interrogatory numbered 26 on the grounds that Interrogatory numbered 26(h) can be

answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Twenty-Six

**26(i) any and all written policies and procedures that touch upon, address and/or govern complaints that were made against Dr. Anstadt during his tenure in whatever capacity at the Medical College of Georgia or any other health care facility;**

**26(j) the name, title, business address, and business telephone number of each and**

126

every person who currently has possession, control and custody of all written policies
and procedures that touch upon, address and or govern complaints that were made
against Dr. Anstadt during his tenure in whatever capacity at the Medical College of
Georgia.

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 26(i) and 26(j)

as subparts of Interrogatory numbered 26 on the grounds that Interrogatories numbered 26(i) and

26(j) can be answered fully and completely without reference to any other interrogatory, are not

logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such

interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests

are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence,

overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Seven

27.    Please describe in detail each and every reason why Dr. Anstadt was terminated
from the Medical College of Georgia, and with respect to Dr. Anstadt's termination from the

127

Medical College of Georgia, please provide the following;

      27(a) whether or not Dr. Anstadt objected to his termination;

      27(b) if yes, each and every objection made by Dr. Anstadt regarding his termination;

      27(h) the date that Dr. Anstadt was terminated from the Medical College of Georgia;

**Response:**

      MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Eight

      27(c) describe in detail each and every separation notice, termination letter, or letter of resignation given to Dr. Anstadt at the time of his departure from the Medical College of Georgia;

**Response:**

      MCG Health objects to the plaintiff's designation of Interrogatory numbered 27(c) as a subpart of Interrogatory numbered 27 on the grounds that Interrogatory numbered 27(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

      MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

128

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Twenty-Nine

**27(d) each and every EEOC claim and/or lawsuit filed regarding Dr. Anstadt's termination from the Medical College of Georgia;**

**27(e) the dates of any such EEOC claim and/or lawsuit;**

**27(f) the name, title, business address and business telephone number of each and every person named as a party to each and every EEOC claim and/or lawsuit;**

**27(g) the date(s) and time(s) of each and every deposition that was taken in each and every EEOC claim and/or lawsuit against the Medical College of Georgia and by whom the deposition(s) were taken;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 27(d), 27(e),

27(f) and 27(g) as subparts of Interrogatory numbered 27 on the grounds that Interrogatories

numbered 27(d), 27(e), 27(f) and 27(g) can be answered fully and completely without reference to

any other interrogatory, are not logically or factually subsumed within any other interrogatory, are

unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons

should be counted individually as a discrete interrogatory and not as a subpart of any other

interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6,

2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### One Hundred and Thirty

**27(i) Dr. Anstadt's duties and job function prior to being terminated from the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 27(i) as a subpart of Interrogatory numbered 27 on the grounds that Interrogatory numbered 27(i) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### One Hundred and Thirty-One

**27(j) the name, title, business address, and business telephone number of each and every person who performed the duties, that were previously performed by Dr. Anstadt, after his termination from the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 27(j) as a subpart of Interrogatory numbered 27 on the grounds that Interrogatory numbered 27(j) can be answered fully and completely without reference to any other interrogatory, is not logically or

130

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### One Hundred and Thirty-Two

**27(k) any and all written policies and procedures that touch upon, address and/or govern Dr. Anstadt's termination from the Medical College of Georgia or any other health care facility;**

**27(j) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern Dr. Anstadt's termination from the Medical College of Georgia or any other health care facility.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 27(j) and 27(k) as subparts of Interrogatory numbered 27 on the grounds that Interrogatories numbered 27(j) and 27(k) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

131

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### One Hundred and Thirty-Three

**28.    Identify all officers and directors of the Medical College of Georgia who have served in such capacity from 1993 to the present, and who has served on any other Boards or Commissions of any other legal entity that has a legal relationship to the Medical College of Georgia and with respect to each such person please state:**

**28(a) the date on which such person became an officer and/or director of each entity;**

**28(b) the manner in which such person was selected to become an officer and/or director of each such entity;**

**28(d) a description of the responsibilities and duties of such person in his or her capacity with the Medical College of Georgia;**

**Response:**

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

132

## Interrogatory One Hundred and Thirty-Four

**28(c) any other job title(s) and/or office(s) held by such person at any time as an officer, director and/or employee of the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 28(c) as a subpart of Interrogatory numbered 28 on the grounds that Interrogatory numbered 28(c) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

## Interrogatory One Hundred and Thirty-Five

**28(e) identify any notes, writings and or memorandum of kind that touch upon and relate to officers and directors of the Medical College of Georgia who have served in**

such capacity from 1993 to the present, and who have served on any other Boards or Commissions of any other legal entity that has a legal relationship to the Medical College of Georgia, and;

28(f) identify by name, job title, business address, business telephone number of each such person that has custody, control of any documents referenced and or referred to and or used in response to this Interrogatory No. 28.

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 28(e) and 28(f) as subparts of Interrogatory numbered 28 on the grounds that Interrogatories numbered 28(e) and 28(f) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to the scope of this interrogatory to the extent that such interrogatory seeks discovery of information predating July 1, 2000 on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in Mr. Snell's response to Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

**Interrogatory One Hundred and Thirty-Six**

29.     Please describe in detail the duties of Plaintiff Kwabena Mawulawde from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia, and with regard to those duties, please provide the following:

29(a) Dr. Mawulawde's job title from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia;

29(b) Dr. Mawulawde's job description from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia;

Response:

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Thirty-Seven

29(c) Dr. Mawulawde's salary and bonus from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia;

Response:

MCG Health objects to the plaintiff's designation of interrogatory numbered 29(c) as a subpart of Interrogatory numbered 29 on the grounds that Interrogatory numbered 29(c) can be answered fully and completely without reference to any other interrogatory, is  not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

135

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Thirty-Eight

**29(d) the name, business address and business telephone number of each resident that was trained by Dr. Mawulawde from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia;**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatory numbered 29(d) as a

subpart of Interrogatory numbered 29 on the grounds that Interrogatory numbered 29(d) can be

answered fully and completely without reference to any other interrogatory, is  not logically or

factually subsumed within any other interrogatory, is unnecessary to the understanding of any other

interrogatory and can stand alone and for these reasons should be counted individually as a discrete

interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil

Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Thirty-Nine

**29(e) please provide the location of Dr. Mawulawde's office and a description of Dr. Mawulawde's office from March 2003 through June 2003, in the cardiothoracic department of the Medical College of Georgia;**

**Response:**

136

MCG Health objects to the plaintiff's designation of Interrogatory numbered 29(e) as a subpart of Interrogatory numbered 29 on the grounds that Interrogatory numbered 29(e) can be answered fully and completely without reference to any other interrogatory, is not logically or factually subsumed within any other interrogatory, is unnecessary to the understanding of any other interrogatory and can stand alone and for these reasons should be counted individually as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG Health is not required to answer this interrogatory.

### Interrogatory One Hundred and Forty

**29(f) any and all written policies and procedures that touch upon, address and/or govern each and every consideration that was given to Dr. Mawulawde concerning the position of chief of cardiothoracic surgery at the Medical College of Georgia;**

**29(g) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern each and every consideration that was given to Dr. Mawulawde concerning the position of chief of cardiothoracic surgery at the Medical College of Georgia.**

**Response:**

MCG Health objects to the plaintiff's designation of Interrogatories numbered 29(f) and 29(g) as subparts of Interrogatory numbered 29 on the grounds that Interrogatories numbered 29(f) and 29(g) can be answered fully and completely without reference to any other interrogatory, are not logically or factually subsumed within any other interrogatory, are unnecessary to the understanding

of any other interrogatory and can stand alone and for these reasons should be counted individually

as a discrete interrogatory and not as a subpart of any other interrogatory pursuant to Federal Rule

of Civil Procedure 33 and the Court's Orders of October 6, 2005 and November 15, 2005.

MCG Health further objects to this interrogatory as being beyond the 25-interrogatory limit

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005. This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

**Interrogatory One Hundred and Forty-One**

**30.    Please explain, describe fully, completely and in detail the mortality rate in the thoracic surgery department at the Medical College of Georgia during each year of the discovery period, and with respect to the mortality rate, please provide the following:**

**30(a) any and all written policies and procedures that touch upon, address and/or govern the mortality rate in the thoracic surgery department at the Medical College of Georgia;**

**30(b) the name, title, business address, and business telephone number of each and every person who currently has possession, control and custody of all written policies and procedures that touch upon, address and or govern the mortality rate in the thoracic surgery department at the Medical College of Georgia.**

**Response:**

MCG Health objects to the scope of this interrogatory to the extent that such interrogatory

seeks discovery of information predating July 1, 2000 on the grounds that such requests are not

relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad

and unduly burdensome for the reasons described more fully in Mr. Snell's response to

Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health objects to this interrogatory as being beyond the 25-interrogatory limit

138

established by Federal Rule of Civil Procedure 33(a) and the Court's Orders of October 6, 2005 and

November 15, 2005.  This interrogatory exceeds the 25-interrogatory limit, consequently, MCG

Health is not required to answer this interrogatory.

This _11_ day of _January_, 2006.

James B. Ellington
Georgia Bar No. 243858

Thomas L. Cathey
Georgia Bar No. 116622

Of Counsel:

Hull, Towill, Norman, Barrett & Salley
P.O. Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481

Attorneys for Defendant MCG Health, Inc.

By: _____

139

## **VERIFICATION**

Personally appeared before the undersigned attesting authority, duly authorized to administer oaths, Donald F. Snell, in his capacity as President and CEO of MCG Health, Inc., who after first being duly sworn, states that he has read the attached Defendant MCG Health, Inc.'s Responses to Plaintiff's First Interrogatories and the statements contained therein are, to the best of his knowledge, true and correct.

This _11 TH_ day of _JANUARY_, 2006.

_____
Donald F. Snell
President and CEO of MCG Health, Inc.

Sworn to and subscribed before me,

this _1  st_ day of _JANUARY_, 2006.

_____
NOTARY PUBLIC
Commission expires: _1/6/09_

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Defendant MCG Health, Inc.'s Responses to

Plaintiff's First Interrogatories was served upon counsel of record by placing same in United States

First-Class Mail, postage prepaid, addressed as follows:

**George W. McGriff**
**Deborah B. Brown**
**Nicholas G. Dumich**
George W. McGriff & Associates
Century Lake Office Park
1774 Century Boulevard, NE
Atlanta, GA 30345-3312

and by hand delivery as follows:

**Alana Kyriakakis Heaton**
Hull, Towill, Norman, Barrett & Salley, P.C.
P.O. Box 1564
Augusta, GA 30903-1564

This 11 day of January, 2006.

Thomas L. Cathey

# EXHIBIT 8

5 - 22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| KWABENA MAWULAWDE, M.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL  ACTION |
| | ) FILE NO. 1:05-CV-99 |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF | ) |
| GEORGIA; MCG HEALTH, INC. d/b/a MCG HEALTH*CARE*; | ) |
| DANIEL W. RAHN, M.D., Indiv. and in his Official Capacity | ) |
| as President, Medical College of Georgia; DAVID STERN, M.D., | ) |
| Indiv. and in his Official Capacity as Dean, School of Medicine, | ) |
| Medical College of Georgia; and DON SNELL, Indiv. and in his | ) |
| Official Capacity as President and CEO, MCG Health, Inc. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT MCG HEALTH, INC. d/b/a MCG HEALTH*CARE*

**TO:**   MCG Health, Inc. d/b/a MCG Health*Care*
c/o Alana Heaton, Esq.
HULL, TOWILL, NORMAN, BARRETT & SALLEY
801 Broad Street, Seventh Floor
Post Office Box 1564
Augusta, Georgia 30903-1564

COMES NOW PLAINTIFF, KWABENA MAWULAWDE. M.D., and pursuant to Rule

34. of the Federal Rules of Civil Procedure and hereby requests that Defendant, MCG Health,

Inc. d/b/a MCG Health*Care*, respond to these requests for production of documents and things

within thirty days from the date of service hereof.

If there is a privilege claimed as to any of the documents and things requested or

1

otherwise covered by these Requests for Production, plaintiff specifically requests that the documents and things requested be identified in such a manner that the Court may determine by a review of any such information so identified whether or not such information and/or documents are entitled to he accorded any privileged status.

Specifically, if there is a document or item requested that you claim you are entitled to withhold because it is privileged, and/or because you feel that it should be accorded any privileged status, then with respect to such document or item, please state: (a) the document's location, author, sender, recipient, date of document, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege.

If you deem any of the following Request for Production of Documents and Things objectionable, it is demanded that you produce the documents requested in this Request for Production of Documents and Things not deemed objectionable within thirty (30) days from the date of service hereof.

This Request for Production of Documents and Things seeks documents and things that are in the possession of defendants, their agents and attorneys unless otherwise specifically stated.

In These Requests for Production of Documents and things:

(a) The words "defendant" and "you" or "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys, and other representatives of Defendant MCG Health, Inc. d/b/a MCG Health*Care* and any and all agents, servants, employees, attorneys, and other representatives of Defendant MCG Health, Inc. d/b/a

2

MCG Health*Care* who have supervisory, reporting, or other responsibility with respect to Defendant MCG Health, Inc. d/b/a MCG Health*Care*.

(b) The word "person(s)" means all entities, and without limiting the generality of the foregoing, include natural persons, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts and estates in conjunction with Defendant MCG Health, Inc. d/b/a MCG Health*Care*. Defendant MCG Health, Inc. d/b/a MCG Health*Care* and any and all agents, servants, employees, attorneys, and other representatives of MCG Health, Inc. d/b/a MCG Health*Care* who have supervisory, reporting, or other responsibility with respect to Defendant MCG Health, Inc. d/b/a MCG Health*Care*,

(c) The word "documents(s)" means as defined in Rule 34 of the Federal Rules of Civil Procedure and to include the originals of all written, printed, recorded or graphics matter, photographic matter, slides, sound reproductions, videos, computer databases and computer data whether reduced to hard copy or stored on hard drives, magnetic tapes, disks and/or CD's, pertaining in any manner to the subject matter indicated.

(d) The words "identify" and "identification," when used with respect to a person or persons, mean to state the full name and present or last known residence and business addresses of such person or persons, and if a natural person, his present or last known job title, and the name and address of his present or last known employer.

(e) The words "identify" and "identification," when used with respect to a document or documents, mean to describe the document or documents by date, subject matter, name(s) or person(s) that wrote, signed, initialed, dictated or otherwise participated in the creation or the same, the name(s) of the addressee(s) and the address(es) of each person or persons who have

3

possession, custody or control of said documents.  If any such document was, but is no longer in your possession, custody or control, or in existence, state the date and manner of its disposition.

(f) "Information" means any and all data, facts, statistics or other information relating to Defendant MCG Health, Inc. d/b/a MCG Health*Care* and other medical professionals who are and/or were on the medical staff of MCG Health, Inc. d/b/a MCG Health*Care*.

(g) The phrase "discovery period" unless otherwise specified includes the time period beginning January 1, 1993, and for each month thereafter and ending on the date of your response to the discovery request.

(h) With respect to each such Request responded to, please state the name, title, business address, and telephone number of any and all persons involved in the compilation, gathering of information, and providing responses to each such Request responded.

(I) As used in these Requests for Production and Things, the term "Medical Staff Member" means a physician that is on the medical staff of the Medical College of Georgia and MCG Health, Inc. d/b/a MCG Health*Care* and as defined in the Bylaws of the Medical College of Georgia MCG Health, Inc. d/b/a MCG Health*Care*.

(j) As used in these Requests for Production of Documents and Things, the term "Medical Executive Committee Member" means as defined in the Bylaws of the Medical College of Georgia and MCG Health, Inc. d/b/a MCG Health*Care*.

## REQUEST NO. 1

Please produce any and all organization charts and any other document or thing that depict the reporting structure of the Medical College of Georgia beginning with the President and his direct reports and including each and ever organization that Medical College of Georgia is

4

affiliated or associated with in any manner.

**REQUEST NO. 2**

Please produce any and all organization charts and any other document or thing that

depict the reporting structure of MCG Health, Inc. d/b/a MCG Health*Care* including each and

ever organization that MCG Health, Inc. d/b/a MCG Health*Care* is affiliated or associated with

in any manner.

**REQUEST NO. 3**

Please produce any and all organization charts and any other document or thing that

depict the reporting structure of the cardiothoracic surgery department of the Medical College of

Georgia including each and every physician, surgeon, nurse, technician, assistants, etc. during the

time that Dr. Lionel Zumbro, Jr. was chief of cardiothoracic surgery and the organization chart of

the cardiothoracic surgery department of the Medical College of Georgia after Dr. Lionel

Zumbro, Jr. was chief of cardiothoracic surgery.

**REQUEST NO. 4**

Please produce each and every document or thing that depicts the supervisory

relationship between (a) Dr. Gadacz, Professor and Chairman of Department of Surgery at

Medical College of Georgia and Dr. Mawulawde, and (b) Dr. Gadacz, Professor and Chairman of

Department of Surgery at Medical College of Georgia and Dr. Mark Anstadt.

**REQUEST NO. 5**

Please produce each and every employment contract, pay stub, letter, memo, acceptance

letter, termination letter and  any other document relating to Dr. Kwabena Mawulawde's

employment in any capacity in any department while at the Medical College of Georgia.

**REQUEST NO. 6**

Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Kevin Landolfo's employment in any capacity in any department while at the Medical College of Georgia.

**REQUEST NO. 7**

Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Mark Anstadt's employment in any capacity in any department while at the Medical College of Georgia.

**REQUEST NO. 8**

Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Lionel Zumbro, Jr.'s employment in any capacity in any department while at the Medical College of Georgia.

**REQUEST NO. 9**

Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Thomas Gadacz's employment in any capacity in any department while at the Medical College of Georgia.

**REQUEST NO. 10**

Please produce any and all rules, regulations, and bylaws that touch upon and deal with the Medical College of Georgia's procedures for each and every selection and interview committee that was instituted to select the chief of cardiothoracic surgery at the Medical College of Georgia during the discovery period.

**REQUEST NO. 11**

Please produce any and all rules, regulations, and bylaws that touch upon and deal with the Medical College of Georgia's procedures for each and every termination policy and each and every record, note, report, summary, evaluation, letter, memoranda, minutes of meetings, and any other document reviewed that depict each and every physician's termination from the Medical College of Georgia including a list of names, titles, business telephone numbers, and business addresses of each and every physician terminated from the Medical College of Georgia and any other document or thing that you used to respond to Interrogatory No. 10.

## REQUEST NO. 12

Please produce documentation of each and every physician, medical personnel and/or administrative personal who assisted Dr. Mark Anstadt in performing each and every surgical procedure including each and every patient name, date of surgery, and type of surgery and any other document or thing that you used to respond to Interrogatory No. 20.

## REQUEST NO. 13

Please produce each and every document that depicts the name of each and every surgeon that took over for Dr. Lionel Zumbro, Jr. each and every time that Dr. Zumbro, Jr. went on vacation or was otherwise unavailable for surgery while employed at the Medical College of Georgia; including Dr. Zumbro's vacation schedule while he was chief of cardiothoracic surgery at the Medical College of Georgia and the name, title, business telephone number, business address, and vacation schedule of each and every surgeon who filled in for Dr. Zumbro, Jr. while he was on vacation or otherwise unavailable for surgery while at the Medical College of Georgia.

## REQUEST NO. 14

Please produce a detailed report including any and all letters, correspondence, notes,

7

memorandum, written policies and procedures, and writings of any kind to and from anyone

associated with the Medical College of Georgia that provide details regarding the mortality rate

in the thoracic surgery department at the Medical College of Georgia.

**REQUEST NO. 15**

Please produce any and all copies of agendas, memoranda, letters, copies of minutes of

any meetings, documents from each and every interview, and documents and things of any nature

and any and all subject matter concerning Dr. Mawulawde by any and all persons for each and

every year that Dr. Mawulawde was employed by the Medical College of Georgia.

**REQUEST NO. 16**

Please produce each and every evaluation of Dr. Mawulawde, Dr. Landolfo and Dr.

Anstadt for each and every year in each and every capacity while named physicians worked for,

associated with, or was affiliated with the Medical College of Georgia.

**REQUEST NO. 17**

Please produce the complete personnel files of Dr. Kwabena Mawulawde, Dr. Kevin

Landolfo, and Dr. Mark Anstadt to include any and all information concerning named

physicians' contracts, promotions, benefits, bonuses, demotions, decreases in pay, assignments,

reassignments, etc. and each and every document that depicts each and every position at each and

every medical facility prior to employment at the Medical College of Georgia including the

curriculum vitae of each named physician.

**REQUEST NO. 18**

Please produce each and every surgical schedule including dates, times, patient names,

reason for surgery, and age of patients of Dr. Mawulawde, Dr. Landolfo, and Dr. Anstadt while

8

working for, associated with or affiliated with the Medical College of Georgia at any time.

**REQUEST NO. 19**

Please produce any and all lists, each and every patient medical records and/or patient charts, to include any excerpts of patient medical records and/or patient charts of Dr. Mawulawde, Dr. Landolfo, and Dr. Mark Anstadt, wherein a patient was not properly treated and/or a death occurred during or after a surgical procedure, at the Medical College of Georgia or the Veterans Administration (VA) Hospital in Augusta, Georgia, to include the dates and times of death, patient names, reason for surgery, age of patients, and address at the time of the surgical procedure including each and every document used to respond to Interrogatory No. 17 and Interrogatory No. 20 (g).

**REQUEST NO. 20**

Please produce each and every quality assurance report of Dr. Mawulawde, Dr. Landolfo, and Dr. Anstadt that was prepared at any time while named physicians worked for, associated with or were affiliated with the Medical College of Georgia and whether or not they had serious quality of care issues and received ratings of 3's, 4's, or 5's pursuant to any quality assurance system within the Medical College of Georgia and the Veterans Administration (VA) Hospital in Augusta, Georgia, and have had their medical staff privileges summarily suspended or formally terminated.

**REQUEST NO. 21**

Please produce the following concerning Kevin Landolfo, M.D. and Mark Anstadt, M.D.: any and all copies of any and all peer review discussion notes, minutes or documents, credentials documents, utilization reports and documents, ad hoc peer review reports, Health

Care Finance Administration (HCFA), Centers For Medicare & Medicaid Services (CMS),

External or internal audit reports or Joint Commission on Hospital Accreditation of Healthcare

Organizations (JCAHO) centennial reports of death, patient complaints, whether written,

discussed or orally reported reduced to writings, any legal actions, written observations of the

Board of Directors, officials, managers, and/or employees of the Medical College of Georgia and

the Veterans Administration (VA) Hospital in Augusta, Georgia, due to any relationship and/or

involvement with the Medical College of Georgia and the VA any committee writings,

complaints and/or concerns that the named physicians and/or members of their staff have harmed

and/or endangered patients at the Medical College of Georgia and that the named physicians have

failed and refused to make and keep proper patient records and documents; have failed in making

progress notes: have failed to properly diagnose, and medical staff members lacking the

qualification and skill to diagnose diseases and injuries, improperly using surgical technicians in

the operating room of the Medical College of Georgia; have had excessive infection rates; have

had deaths of patients; have abandoned patients; and have practiced medicine below the standard

of care as practiced by like physicians, including each and every document and thing used to

respond to Interrogatory No. 26.

## REQUEST NO. 22

Please produce each and every document or and thing that depicts the starting salary, pay

raises, bonuses, and ending salary of Dr. Mawulawde, Dr. Anstadt, and Dr. Landolfo for each

and every position ever held by each named physician while working for, associated with, or

affiliated with the Medical College of Georgia at any time in any capacity, including each and

every policy and procedure, rule and regulation that govern salaries, bonuses and pay raises at the

Medical College of Georgia, including each and every document that was used to answer

Interrogatory No. 6, Interrogatory No. 23 (h), and Interrogatory No. 25 (e), Interrogatory No. 29

(c).

**REQUEST NO. 23**

Please produce each and every lawsuit of any kind that has ever been filed against the

Medical College of Georgia, MCG Health*Care*, and MCG Health, Inc., including all documents

used to respond to Interrogatory No. 14 and Interrogatory No. 27.

**REQUEST NO. 24**

Please provide each and every deposition in the case of <u>Anstadt v. Medical College of</u>

<u>Georgia</u> and depositions of any and all discrimination lawsuits of any kind that have ever been

filed against the Medical College of Georgia, MCG Health*Care*, and MCG Health, Inc.

**REQUEST NO. 25**

Please produce each and every handbook, rule, outline, manual, regulation, provision

and/or document which outlines, governs, explains, lists or otherwise refers and/or explains each

and every step in the Peer Review process at the Medical College of Georgia.

**REQUEST NO. 26**

Please produce a list of each and every physician that was ever peer reviewed for any

reason or their medical staff privileges were terminated for any reason, including but not limited

to practicing medicine below the standard of care, including the name, title, business address, and

business telephone number of each and every physician that was peer reviewed, each and every

reason why each and every physician was peer reviewed, and the name, title, business address,

and business telephone number of each and every person that sat on each and every peer review

11

committee of each and every physician at the Medical College of Georgia, to include any peer

review of physicians at the Medical College of Georgia who also practiced at the Veterans

Administration in Augusta, Georgia including each and every document and thing used to

respond to Interrogatory No. 26

## REQUEST NO. 27

Please specifically produce any and all letters, memorandum, peer review documents, ad

hoc peer review documents, minutes, and writings of any kind that touch upon and deal with the

circumstances concerning the list of peer reviewed physicians named in Request No. 30,

including all documents and things that were used to respond to Interrogatory No. 6 and

Interrogatory No. 13.

## REQUEST NO. 28

Please produce each and every recommendation including any and all correspondence,

notes, memoranda, letters and writings of any kind pertaining to each and every recommendation

for each and every candidate that was interviewed for the position of chief of cardiothoracic

surgery to succeed Dr. G. Lionel Zumbro, Jr. at the Medical College of Georgia, including each

and every recommendation of each and every candidate/interviewee who was interviewed at any

time whatsoever for the position of chief of cardiothoracic surgery to succeed Dr. Zumbro, Jr. at

the Medical College of Georgia, including but not limited to all documents and things used in

your response to Interrogatory No. 23 (d), and Interrogatory No. 25 (h).

## REQUEST NO. 29

Please produce any and all correspondence, notes, any and all memorandum, letters and

writings of any kind pertaining to the criteria and requirements for becoming chief of

12

cardiothoracic surgery at the Medical College of Georgia, including all documents used to

answer Interrogatory No. 22 (b) and (f).

**REQUEST NO. 30**

Please produce any and all correspondence, notes, memoranda, letters and writings of

any kind that describe the job responsibilities of chief of cardiothoracic surgery at the Medical

College of Georgia, including all documents used to respond to Interrogatory No. 13.

**REQUEST NO. 31**

Please produce any and all correspondence, notes, memoranda, letters and writings of any

kind that describe the job responsibilities of Dr. Mawulawde, Dr. Anstadt, Dr. Landolfo while in

the cardiothoracic surgery department at the Medical College of Georgia, including all

documents used to respond to Interrogatory No. 24 (j) Interrogatory No. 29 (b).

**REQUEST NO. 32**

Please provide a detailed list of the number of surgeons that were at the Medical College

of Georgia while Dr. Zumbro was chief of cardiothoracic surgery and their curricula vitae, and

the curriculum vitae of the person who succeeded Dr. Zumbro as chief of cardiothoracic surgery

at the Medical College of Georgia, and the curriculum vitae of the chief of cardiothoracic surgery

at the time that you answer this request.

**REQUEST NO. 33**

Please produce a detailed report of the budget for the cardiothoracic department at the

Medical College of Georgia from January 2001, up to the day that you answer this Request,

including all documentation that depicts the budget for the cardiothoracic department at the

Medical College of Georgia from January 2001, including all documentation used to answer

Interrogatory No. 9.

**REQUEST NO. 34**

Please produce a list of every board certified surgeon at the Medical College of Georgia from January 1, 2001, through the present who has used the technique of off-pump surgery including name, title, business address, business telephone number of each surgeon, the dates that named surgeons were employed at the Medical College of Georgia and the names of all patients that off-pump surgery was performed on and the outcome of each and every surgery where the technique of off-pump surgery was used, including all documentation used to answer Interrogatory No. 23 (l) and Interrogatory No. 25 (j).

**REQUEST NO. 35**

Please produce a list of each and every person that is part of the decision-making process that denies, accepts, or rejects surgeons for positions, promotions, demotions, and contract renewals in the cardiothoracic surgery department at the Medical College of Georgia, including the name, title, business address, and business telephone number of each and every person that denies, accepts, or rejects surgeons for positions, promotions, demotions, and contract renewals in the cardiothoracic surgery department at the Medical College of Georgia, including all documents used to respond to Interrogatory No. 22.

**REQUEST NO. 36**

Please produce each and every policy, document or thing used to determine how office space is allocated for physicians in the cardiothoracic surgery department at the Medical College of Georgia, including all documents used to respond to Interrogatory Nos. 1-5.

**REQUEST NO. 37**

14

Please produce each and every policy, document or thing that depicts each and every office space that was allocated for Dr. Mawulawde, Dr. Anstadt, and Dr. Landolfo in the cardiothoracic surgery department at the Medical College of Georgia, including all documents used to respond to Interrogatory Nos. 1-5.

## REQUEST NO. 38

Please produce each and every commendation and recommendation of any kind that was received by Dr. Mawulawde while at the Medical College of Georgia including the name, title, business address, and business phone number of each and every person that produced a commendation or recommendation on behalf of Dr. Mawulawde during his entire tenure at the Medical College of Georgia or affiliation of any kind with the Medical College of Georgia.

## REQUEST NO. 39

Please produce a list of each and every administrator, emergency room assistant, operating room assistant, and student of Dr. Mawulawde's while a surgeon at the Medical College of Georgia including the name, title, business address, and business telephone number of each and every administrator, emergency room assistant, operating room assistant, and student of Dr. Mawulawde's while a surgeon at the Medical College of Georgia.

## REQUEST NO. 40

Please produce each and every document from each and every administrator, emergency room assistant, operating room assistant, and student of Dr. Mawulawde's that comments on the administrator's, emergency room assistant's, operating room assistant's, and student's relationship with and attitude toward Dr. Mawulawde.

## REQUEST NO. 41

Please produce a list of each and every physician that was terminated from the Medical College of Georgia or their contract was not renewed with the Medical College of Georgia, and each and every termination letter or letter stating that a contract will not be renewed, including the name, title, business address, and business telephone number of each physician that was terminated or their contract not renewed, and the name, title, business address, and business telephone number of each and every person that made the decision to terminate or not renew the contract of a physician, the reason for each and every termination, and the dates of each and every termination, including all documents and things used to respond to Interrogatory No. 10 and Interrogatory No. 27.

## REQUEST NO. 42

Please produce each and every handbook, rule, outline, manual, regulation, provision and/or document which outlines, governs, explains, lists or otherwise refers and/or explains each and every step in the process that a physician must go through for such physician to be terminated or not have his contract renewed at the Medical College of Georgia.

## REQUEST NO. 43

Identify each and every contract, agreement, lease and/or other document, to include any and all amendments, which outline, govern, explain or otherwise refer to the relationship between the Medical College of Georgia and MCG Health*Care*.

## REQUEST NO. 44

Identify each and every contract, agreement, lease and/or other document, to include any and all amendments, which outline, govern, explain or otherwise refer to the relationship between the Medical College of Georgia and MCG Health Systems.

16

**REQUEST NO. 45**

Identify each and every contract, agreement, lease and/or other document, to include any and all amendments, which outline, govern, explain or otherwise refer to the relationship between MCG Health*Care* and MCG Health Systems.

**REQUEST NO. 46**

Please produce each and every formal and informal EEOC complaint against a physician at the Medical College of Georgia, including the name, title, business address, and business telephone number of each physician said to have caused the complaint, and the name of each and every person that played any role in any formal and informal EEOC proceeding, including the name, title, business address, and business telephone number of each and every person that played any role in any formal and informal EEOC proceeding, the reason for each and every formal and informal EEOC complaint, the dates that each and every formal and informal EEOC complaint was filed, and all tape recordings, memorandum, notes, letters, minutes and writings of any kind that touch upon, address or deal with any instance of any employee filing a formal and an informal EEOC complaint against a physician, including all documents used to respond to Interrogatory 15.

**REQUEST NO. 47**

Please produce the outcome and/or judgment concerning each and every formal and informal EEOC complaint against a physician listed in Request No. 42.

**REQUEST NO. 48**

Please produce each and every allegation of discrimination of any kind against a physician at the Medical College of Georgia, including the name, title, business address, and

17

business telephone number of each physician said to have discriminated in any manner, and the name of each and every person that played any role in any proceedings regarding the discrimination caused by a physician, including the name, title, business address, and business telephone number of each and every person that played any role in the handling of any allegation of discrimination, the reason for each and every allegation of discrimination, the dates that each and every allegation of discrimination complaint was made, and all tape recordings, memorandum, notes, letters, minutes and writings that discuss each and every discrimination allegation.

## REQUEST NO. 49

Please produce the outcome and/or judgment concerning each and every allegation of discrimination against a physician listed in Request No. 44.

## REQUEST NO. 50

Please produce each and every allegation of each and every physician and/or surgeon that was involved in any violations of the Georgia Fair Employment Practices while working at the Medical College of Georgia, including the name, title and address of each physician, the circumstances surrounding each and every violation of the Georgia Fair Employment Practices, the dates that each and every violation took place, and the name, title, business address, and business telephone number of each and every person that played a role in any proceedings, and all tape recordings, memorandum, notes, letters, minutes and writings of any kind that touch upon, address or deal with any instance of any employee violating the Georgia Fair Employment Practices, including all documents used to respond to Interrogatory 15.

## REQUEST NO. 51

18

Please produce the outcome and/or judgment concerning each and every proceeding pertaining to any violations of the Georgia Fair Employment practices against a physician listed in Request No. 46.

**REQUEST NO. 52**

Please produce a detailed report of the exact amount of funds to include any direct payment of funds that were used for wages, salaries, bonuses and operational expenses that have been contributed to the Medical College of Georgia, including the name of the entity that contributed such funds by dates of contribution, amount of contribution, amount used for operational expenses, amount used for salaries, wages and bonuses and the name, title, business address, and business telephone number of the individual(s) at the Medical College of Georgia who allocated such funds, and how much of the funds were allocated for the cardiothoracic surgery unit at the Medical College of Georgia and the name, title, business address, and business telephone number of the individual responsible for directing said funds concerning the cardiothoracic surgery unit at the Medical College of Georgia.

**REQUEST NO. 53**

Please produce any and all memorandum, notes, letters, minutes, tape recordings, and writings of any kind that touch upon, address or deal with any instance of racially derogatory language from anyone at the Medical College of Georgia or anyone during discussions in dealing with anyone at the Medical College of Georgia regarding Dr. Mawulawde or any other minority personnel at the Medical College of Georgia at any time.

**REQUEST NO. 54**

Please produce a detailed report of each and every time that any physician assisted Dr.

19

Mark Anstadt in performing surgical procedures including the name, title, business address, and

business telephone number of each and every physician who assisted Dr. Anstadt in performing

surgical procedures at the Medical College of Georgia; a list of hospital personnel who has

information and knowledge concerning physicians who assisted Dr. Anstadt in performing

surgical procedures including the name, title, business address, and business telephone number of

each and every hospital personnel who has information and knowledge concerning physicians

who assisted Dr. Anstadt in performing surgical procedures, and a list of patients on whom Dr.

Anstadt performed surgical procedures with the assistance of another physician, including the

name, title, business address, and business telephone number of each and every patient upon

which Dr. Anstadt performed surgical procedures with the assistance of another physician,

including all documents and things used in response to Interrogatory No. 20.

### REQUEST NO. 55

Please produce each and every recommendation from each and every person who

recommended Dr. Kevin Landolfo for the position of chief of cardiothoracic surgery, including

the name, title, business address, and business telephone number of each and every person who

gave such recommendation.

### REQUEST NO. 56

Please produce each and every recommendation from each and every person who

recommended Dr. Mark Anstadt for the position of chief of cardiothoracic surgery, including the

name, title, business address, and business telephone number of each and every person who gave

such recommendation, including the name, title, business address, and business telephone

20

number of each and every person that recommended that Dr. Mark Anstadt share the position of

chief of cardiothoracic surgery with Dr. Kwabena Mawulawde.

**REQUEST NO. 57**

Please produce the complaint for the lawsuit of Anstadt v. The Medical College of

Georgia, and any correspondence of any kind associated with said lawsuit, including each and

every document and thing that was used to answer Interrogatory No. 27.

**REQUEST NO. 58**

Please produce the curricula vitae of each and every physician at the Medical College of

Georgia who pediatric cardiac experience, including the name, title, business address, business

telephone number of each physician, the dates that named physicians were employed at the

Medical College of Georgia, and the names of all patient children with heart problems on which

named physicians performed surgical procedures, including the name of the parents of each child

and the business address and business telephone number of the parents of each child, including

each document and thing used to respond to Interrogatory No. 23 (k) and Interrogatory No. 25 (i).

**REQUEST NO. 59**

Please produce each and every application, including any and all correspondence, notes,

memoranda, letters and writings of any kind pertaining to each and every application for each and

every candidate that was interviewed for the position of chief of cardiothoracic surgery to

succeed Dr. G. Lionel Zumbro, Jr. at the Medical College of Georgia, including each and every

application of each and every candidate/interviewee who was interviewed at any time whatsoever

for the position of chief of cardiothoracic surgery to succeed Dr. Zumbro, Jr. at the Medical

College of Georgia.

21

**REQUEST NO. 60**

Please provide each and every report, document, memo, letter, rule, regulation, etc. that outlines, discusses or references the probation of the thoracic surgery section of the Medical College of Georgia, including the name, title, business address and business telephone number of each and every person that was part of each and every committee that placed the thoracic surgery section of the Medical College of Georgia on probation, including every document and thing that was used to answer Interrogatory No. 24.

**REQUEST NO. 61**

Please provide each and every employment contract between the Medical College of Georgia and each and every physician in the cardiothoracic department of the Medical College of Georgia who had any research budget assigned to them, including the name, title, business address, and business telephone number of each and every physician in the cardiothoracic department of the Medical College of Georgia who had any research budget assigned to them.

**REQUEST NO. 62**

Please produce each and every proposal concerning each and every physician in the cardiothoracic department of the Medical College of Georgia who had a research budget assigned to them.

**REQUEST NO. 63**

Please produce a detailed report of the surgical residency program at the Medical College of Georgia, including the name, title, business address and business telephone number of each and every physician in the surgical residency program, and a detailed report of each and every resident who successfully completed the surgical residency program, including the name, title,

22

business address and business telephone number of each and every resident who successfully completed the surgical residency program, and a detailed report of each and every resident who left the surgical residency program, including the name, title, business address and business telephone number of each and every resident who left the surgical residency program, including each and every reason that they left the program, including every document and thing used to respond to Interrogatory No. 21.

## REQUEST NO. 64

Please produce each and every complaint that was made against Dr. Anstadt by each and every employee at the Medical College of Georgia, including the name, title, business address and business telephone number of each and every employee at the Medical College of Georgia, and each and every complaint of each and every patient of Dr. Anstadt's at the Medical College of Georgia including the name, title, business address and business telephone number of each and every patient of Dr. Anstadt's at the Medical College of Georgia, including each and every document and thing used to answer Interrogatory No. 26.

## REQUEST NO. 65

Please produce each and every complaint that was made against Dr. Landolfo by each and every employee at the Medical College of Georgia, including the name, title, business address and business telephone number of each and every employee at the Medical College of Georgia, and each and every complaint of each and every patient of Dr. Landolfo's at the Medical College of Georgia including the name, title, business address and business telephone number of each and every patient of Dr. Landolfo's at the Medical College of Georgia, including each and every document and thing used to answer Interrogatory No. 25 (n).

**REQUEST NO. 66**

Please produce each and every separation notice, termination letter, and/or letter of resignation regarding Dr. Lionel Zumbro, Jr.'s departure from the Medical College of Georgia as chief of cardiothoracic surgery, including the name, title, business address, and business telephone number of each and every person that authored any separation notice and termination letter.

**REQUEST NO. 67**

Please produce a detailed report of the type of staff support and surgical team support, that was given to Dr. Mawulawde while in the cardiothoracic department at the Medical College of Georgia, including the name, title, business address, and business telephone number of each staff person and the name, title, business address, and business telephone number of each member of Dr. Mawulawde's surgical team.

**REQUEST NO. 68**

Please produce a detailed report identifying each and every officer and director of the Medical College of Georgia and each and every officer and director who served on any other Board or Commission of any other legal entity that has a legal relationship with the Medical College of Georgia; including the name, title, business address, and business telephone number of each and every officer and director, the date on which each person became an officer and/or director of each such entity, any other titles or offices held by such person while at the Medical College of Georgia, a description of the responsibilities and duties of such officer or director in any capacity at the Medical College of Georgia.

24

This 12th, day of December, 2005.

Respectfully submitted,

*Deborah B. Brown*

GEORGE W. McGRIFF, & Associates
For the firm:
Deborah B. Brown, Esq.
Georgia Bar No. 068328
Attorney for Plaintiff


GEORGE W. McGRIFF & ASSOCIATES
Century Lake Office Park
1774 Century Boulevard, NE
Atlanta, Georgia 30345-3312
(404) 325-2755

25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KWABENA MAWULAWDE, M.D.                          )
                                                )
    Plaintiff,                                  )
                                                )
     vs.                                       )  CIVIL  ACTION
                                                )  FILE NO. 1:05-CV-99
BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF    )
GEORGIA; MCG HEALTH, INC. d/b/a MCG HEALTH*CARE*; )
DANIEL W. RAHN, M.D., Indiv. and in his Official Capacity )
as President, Medical College of Georgia; DAVID STERN, M.D., )
 Indiv. and in his Official Capacity as Dean, School of Medicine, )
Medical College of Georgia; and DON SNELL, Indiv. and in his )
Official Capacity as President and CEO, MCG Health, Inc.,    )
                                                )
    Defendants.                                 )
_____ )

### CERTIFICATE OF SERVICE

    This is to certify that I have caused a copy of the foregoing ***Plaintiff's First Continuing***

***Request for Production of Documents and Things to Defendant, MCG Health, Inc. d/b/a***

***MCG HealthCare,*** and upon opposing counsel by depositing a copy of the same in the U.S. Mail

with adequate postage affixed thereon, properly addressed as follows:

              ALANA HEATON, Esq. & JAMES B. ELLINGTON, Esq.
              HULL, TOWILL, NORMAN, BARRETT & SALLEY
               SunTrust Bank Building, Seventh Floor
                     801 Broad Street
                   Augusta, Georgia 30901

This _12th_ day of December, 2005.

                                    Respectfully submitted,

_Deborah B. Brown_

GEORGE W. McGRIFF, & Associates
For the firm:
Deborah B. Brown, Esq.
Georgia Bar No. 068328
Attorney for Plaintiff


GEORGE W. McGRIFF & ASSOCIATES
Century Lake Office Park
1774 Century Boulevard, NE
Atlanta, Georgia 30345-3312
(404) 325-2755

# EXHIBIT 9

7-4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

*Rec. 1/24/06*

KWABENA MAWULAWDE, M.D.,    )
                            )
        Plaintiff,          )
                            )
v.                          )          Civil Action File No.:
                            )          1:05-CV-00099-DHB
BOARD OF REGENTS OF THE     )
UNIVERSITY SYSTEM OF GEORGIA; )
                            )          **DEFENDANT MCG HEALTH, INC.'S**
MCG HEALTH, INC. d/b/a MCG  )          **RESPONSES TO PLAINTIFF'S**
HEALTH*CARE*;               )          **FIRST REQUEST FOR PRODUCTION**
                            )          **OF DOCUMENTS AND THINGS**
DANIEL W. RAHN, M.D., Individually )
and in his Official Capacity as President, )
Medical College of Georgia; )
                            )
DAVID STERN, M.D., Individually and in )
his Official Capacity as Dean, School of )
Medicine, Medical College of Georgia; and )
                            )
DON SNELL, Individually and in his )
Official Capacity as President and CEO, )
MCG Health, Inc.,           )
                            )
        Defendants.         )

NOW COMES Defendant MCG Health, Inc. (MCG Health),[1] and responds to the Plaintiff's

First Request for Production of Documents and Things as follows:

<u>GENERAL OBJECTIONS</u>

MCG Health objects to each document request to the extent that such request seeks

information or documents falling within the attorney-client privilege or within the scope of attorney

---

[1]MCG Health*Care*, which the plaintiff references in his Amended Complaint as a name
under which MCG Health, Inc. does business, is not a legal entity capable of suing or being sued,
but is instead a common law service mark occasionally used as a trade name by MCG Health,
Inc.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.    Please produce any and all organization charts and any other document or thing that depict the reporting structure of the Medical College of Georgia beginning with the President and his direct reports and including each and every organization that the Medical College of Georgia is affiliated or associated with in any manner.

Response:

There are no documents responsive to Request for Production numbered 1 in the possession or custody of MCG Health.

2.    Please produce any and all organization charts and any other document or thing that depict that reporting structure of MCG Health, Inc. d/b/a MCG Health*Care* including each and every organization that MCG Health, Inc. d/b/a MCG Health*Care* is affiliated or associated with in any manner.

Response:

Documents responsive to Request for Production numbered 2 have been previously produced to the plaintiff in response to the Plaintiff's Request for Production of Documents to Defendant Don Snell numbered 2. Additional responsive documents in the possession of MCG Health are available for inspection at the offices of its counsel, Hull, Towill, Norman, Barrett and Salley, at a time mutually convenient to the parties.

3.    Please produce any and all organization charts and any other document or thing that depict the reporting structure of the cardiothoracic surgery department of the Medical College of Georgia including each and every physician, surgeon, nurse, technical, assistants, etc. during the time that Dr. Lionel Zumbro, Jr. was chief of cardiothoracic surgery and the organization chart of the cardiothoracic surgery department of the Medical College of Georgia after Dr. Lionel Zumbro, Jr. was chief of cardiothoracic surgery.

Response:

There are no documents responsive to Request for Production numbered 3 in the possession or custody of MCG Health.

3

   4. **Please produce each and every document or thing that depicts the supervisory relationship between (a) Dr. Gadacz, Professor and Chairman of Department of Surgery at Medical College of Georgia and Dr. Mawulawde, and (b) Dr. Gadacz, Professor and Chairman of Department of Surgery at Medical College of Georgia and Dr. Mark Anstadt.**

<u>Response:</u>

   There are no documents responsive to Request for Production numbered 4 in the possession or custody of MCG Health.

   5. **Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document relating to Dr. Kwabena Mawulawde's employment in any capacity in any department while at the Medical College of Georgia.**

<u>Response:</u>

   MCG Health objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege.

   In further response, MCG Health states that it does not have documents of the type sought by this request for production in its possession or custody, other than documents which may be contained in Dr. Mawulawde's credentialing file, which is subject to the privileges asserted above as indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

   6. **Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Kevin Landolfo's employment in any capacity in any department while at the Medical College of Georgia.**

<u>Response:</u>

   MCG Health objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et

4

seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq.,

and by the federal self critical analysis privilege.  Such request is not relevant and not reasonably

calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this

ground.

Subject to and without waiving this objection, MCG Health states that documents responsive

to Request for Production numbered 6 have been previously produced to the plaintiff in response to

the Plaintiff's Requests for Production of Documents to Defendant Don Snell numbered 30 and 36.

Apart from these documents, there are no documents responsive to Request for Production numbered

6 in the possession or custody of MCG Health.

**7.     Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Mark Anstadt's employment in any capacity in any department while at the Medical College of Georgia.**

**Response:**

MCG Health objects to this request for production to the extent that it seeks discovery of

information predating July 1, 2000 on the grounds that such request is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence and overbroad as to time

because MCG Health only began operating the hospitals and clinics of the Medical College of

Georgia on July 1, 2000.  Prior to July 1, 2000, MCG Health did not operate the hospitals and clinics

of the Medical College of Georgia.

MCG Health further objects to this request for production to the extent that it seeks

information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-

7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141,

et seq., and by the federal self critical analysis privilege.  Such request is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further

objects on this ground.

In further response, MCG Health states that it does not have documents of the type sought

by this request for production in its possession or custody, other than documents which may be

contained in Dr. Anstadt's credentialing file, which is subject to the privileges asserted above as

indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

**8.      Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Lionel Zumbro, Jr.'s employment in any capacity in any department while at the Medical College of Georgia.**

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks

discovery of information predating July 1, 2000 on the grounds that such request is not relevant and

is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in MCG Health's response to Request for

Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks

information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-

7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141,

et seq., and by the federal self critical analysis privilege.  Such request is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further

objects on this ground.

In further response, MCG Health states that it does not have documents of the type sought

by this request for production in its possession or custody, other than documents which may be

contained in Dr. Zumbro's credentialing file, which is subject to the privileges asserted above as indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

**9.    Please produce each and every employment contract, pay stub, letter, memo, acceptance letter, termination letter and any other document that depicts Dr. Thomas Gadacz's employment in any capacity in any department while at the Medical College of Georgia.**

**Response:**

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege. Such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this ground.

Subject to and without waiving this objections, MCG Health states that there are no documents responsive to Request for Production numbered 9 in its possession or custody.

**10.    Please produce any and all rules, regulations, and bylaws that touch upon and deal with the Medical College of Georgia's procedures for each and every selection and interview committee that was instituted to select the chief of cardiothoracic surgery at the Medical College of Georgia during the discovery period.**

**Response:**

7

There are no documents responsive to Request for Production numbered 10 in the possession or custody of MCG Health.

**11.    Please produce any and all rules, regulations, and bylaws that touch upon and deal with the Medical College of Georgia's procedures for each and every termination policy and each and every record, note, report, summary, evaluation, letter, memoranda, minutes of meetings, and any other document reviewed that depict each and every physician's termination from the Medical College of Georgia including a list of names, titles, business telephone numbers, and business addresses of each and every physician terminated from the Medical College of Georgia and any other document or thing that you used to respond to Interrogatory No. 10.**

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to the scope of this request for production to the extent that it seeks discovery regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome in that approximately 633  physicians are members of the MCG Health, Inc. Medical Staff. A response to this request for production as stated would encompass all 633 physicians, while only those physicians in the Section of Cardiothoracic Surgery are possibly similarly situated to the plaintiff for the purpose of the plaintiff's claims against MCG Health.   Subject to and without waiving this

8

objections, MCG Health states that there are no documents responsive to Request for Production

numbered 11 in its possession or custody.

**12.     Please produce documentation of each and every physician, medical personnel and/or administrative personal who assisted Dr. Mark Anstadt in performing each and every surgical procedure including each and every patient name, date of surgery, and type of surgery and any other document or thing that you used to respond to Interrogatory No. 20.**

**Response:**

MCG Health objects to the scope of this request for production to the extent that it seeks

discovery of information predating July 1, 2000 on the grounds that such request is not relevant and

is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in MCG Health's response to Request for

Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production on the grounds that it is not

relevant and not reasonably calculated to lead to the discovery of admissible evidence, overbroad and

unduly burdensome in that Dr. Anstadt treated hundreds of patients at the hospitals and clinics of

the Medical College of Georgia, and a response to this interrogatory as stated would require an

individualized review of each and every medical record for each of those patients.

MCG Health further objects to this request for production to the extent that it seeks protected

health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance

Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the

entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

**13.     Please produce each and every document that depicts the name of each and every surgeon that took over for Dr. Lionel Zumbro, Jr. each and every time that Dr. Zumbro, Jr. went on vacation or was otherwise unavailable for surgery while employed at the Medical College of Georgia; including Dr. Zumbro's vacation schedule while he was chief of**

cardiothoracic surgery at the Medical College of Georgia and the name, title, business telephone number, business address, and vacation schedule of each and every surgeon who filled in for Dr. Zumbro, Jr. while he was on vacation or otherwise unavailable for surgery while at the Medical College of Georgia.

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving this objection, MCG Health states that there are no documents responsive to Request for Production numbered 13 in its possession or custody.

14.    Please produce a detailed report including any and all letters, correspondence, notes, memorandum, written policies and procedures, and writings of any kind to and from anyone associated with the Medical College of Georgia that provide details regarding the mortality rate in the thoracic surgery department at the Medical College of Georgia.

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq.,and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141,

10

et seq., and by the federal self critical analysis privilege. Such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this ground.

Documents in MCG Health's possession or custody to which these privileges apply are indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

**15.    Please produce any and all copies of agendas, memoranda, letters, copies of minutes of any meetings, documents from each and every interview, and documents and things of any nature and any and all subject matter concerning Dr. Mawulawde by any and all persons for each and every year that Dr. Mawulawde was employed by the Medical College of Georgia.**

**Response:**

Documents responsive to Request for Production 15 have been previously identified in response to the plaintiff's Interrogatories to MCG Health, the plaintiff's other Requests for Production of Documents to MCG Health, the plaintiff's Interrogatories to Defendant Don Snell and the plaintiff's Requests for Production to Defendant Don Snell. Additional responsive documents in the possession of MCG Health are available for inspection at the offices of its counsel, Hull, Towill, Norman, Barrett and Salley, at a time mutually convenient to the parties.

**16.    Please produce each and every evaluation of Dr. Mawulawde, Dr. Landolfo and Dr. Anstadt for each and every year in each and every capacity while named physicians worked for, associated with, or was affiliated with the Medical College of Georgia.**

**Response:**

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for

11

Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege. Such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this ground.

In further response, MCG Health states that it does not have documents of the type sought by this request for production in its possession or custody, other than documents which may be contained in the quality or credentialing files of Dr. Mawulawde, Dr. Landolfo and Dr. Anstadt. Such files are subject to the privileges asserted above as indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

**17.    Please produce the complete personnel files of Dr. Kwabena Mawulawde, Dr. Kevin Landolfo, and Dr. Mark Anstadt to include any and all information concerning named physicians' contracts, promotions, benefits, bonuses, demotions, decreases in pay, assignments, reassignments, etc. and each and every document that depicts each and every position at each and every medical facility prior to employment at the Medical College of Georgia including the curriculum vitae of each named physician.**

<u>Response:</u>

There are no documents responsive to Request for Production numbered 17 in the possession or custody of MCG Health.

**18.    Please produce each and every surgical schedule including dates, times, patient names, reason for surgery, and age of patients of Dr. Mawulawde, Dr. Landolfo, and Dr. Anstadt while working for, associated with or affiliated with the Medical College of Georgia at any time.**

<u>Response:</u>

12

MCG Health objects to the scope of this request for production to the extent that it seeks

discovery of information predating July 1, 2000 on the grounds that such request is not relevant and

is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in MCG Health's response to Request for

Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks protected

health information as defined by 45 C.F.R. § 160.103 under the terms of the Health Insurance

Portability and Accountability Act of 1986 ("HIPAA"), which may only be produced subject to the

entry of a qualified protective order as described by 45 C.F.R. § 164.512(e)(1)(v).

MCG Health further objects to this request for production on the grounds that it is not

relevant, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly

burdensome and is served for the improper purpose of harassing the defendant, causing unnecessary

delay and leading to a needless increase in the cost of litigation.

**19.    Please produce any and all lists, each and every patient medical records and/or patient charts, to include any excerpts of patient medical records and/or patient charts of Dr. Mawulawde, Dr. Landolfo, and Dr. Mark Anstadt, when a patient was not properly treated and/or a death occurred during or after a surgical procedure, at the Medical College of Georgia or the Veterans Administration (VA) Hospital in Augusta, Georgia, to include the dates and times of death, patient names, reason for surgery, age of patients, and address at the time of the surgical procedure including each and every document used to respond to Interrogatory No. 17 and Interrogatory No. 20(g).**

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks

discovery of information predating July 1, 2000 on the grounds that such request is not relevant and

is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

13

actions, written observations of the Board of Directors, officials, managers, and/or employees of the Medical College of Georgia and the Veterans Administration (VA) Hospital in Augusta, Georgia, due to any relationship and/or involvement with the Medical College of Georgia and the VA any committee writings, complaints and/or concerns that the named physicians and/or members of their staff have harmed and/or endangered patients at the Medical College of Georgia and that the named physicians have failed and refused to make and keep proper patient records and documents; have failed in making progress notes: have failed to properly diagnose, and medical staff members lacking the qualification and skill to diagnose diseases and injuries, improperly using surgical technicians in the operating room of the Medical College of Georgia; have had excessive infection rates; have had deaths of patients; have abandoned patients; and have practiced medicine below the standard of care as practiced by like physicians, including each and every document and thing used to respond to Interrogatory No. 26.

Response:

MCG Health objects to the scope of this request for production to the extent that it seeks

discovery of information predating July 1, 2000 on the grounds that such request is not relevant and

is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly

burdensome for the reasons described more fully in MCG Health's response to Request for

Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks

information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-

7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141,

et seq., and by the federal self critical analysis privilege.  Such request is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further

objects on this ground.

MCG Health further objects to this request for production on the grounds that it is not

relevant and not reasonably calculated to lead to the discovery of admissible evidence but rather is

served for the improper purpose of harassing the defendant, causing unnecessary delay and leading

16

to a needless increase in the cost of litigation.

Documents in MCG Health's possession or custody to which these privileges apply are indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

**22.    Please produce each and every document or and thing that depicts the starting salary, pay raises, bonuses, and ending salary of Dr. Mawulawde, Dr. Anstadt, and Dr. Landolfo of reach and every position ever held be each named physician while working for, associated with, or affiliated with the Medical College of Georgia at any time in any capacity, including each and every policy and procedure, rule and regulation that govern salaries, bonuses and pay raises at the Medical College of Georgia, including each and every document that was used to answer Interrogatory No. 6, Interrogatory No. 23(h), and Interrogatory No. 25(e), Interrogatory No. 29(c).**

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 on the grounds that such request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7 and Interrogatories numbered 2(a), 2(b) and 2(c).

Subject to and without waiving this objection, MCG Health states that documents responsive to Request for Production numbered 22 have been previously produced to the plaintiff in response to the Plaintiff's First Interrogatory to Defendant Don Snell numbered 24.  Additional responsive documents in the possession of MCG Health are available for inspection at the offices of its counsel, Hull, Towill, Norman, Barrett and Salley, at a time mutually convenient to the parties.

**23.    Please produce each and every lawsuit of any kind that has ever been filed against the Medical College of Georgia, MCG Health*Care*, and MCG Health, Inc., including all documents used to respond to Interrogatory No. 14 and Interrogatory No. 27.**

<u>Response:</u>

MCG Health objects to this request for production on the grounds that it is overbroad and unduly burdensome, that it seeks information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and that it is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

**24.    Please provide each and every deposition in the case of <u>Anstadt v. Medical College of Georgia</u> and depositions of any and all discrimination lawsuits of any kind that have every been filed against the Medical College of Georgia, MCG Health*Care*, and MCG Health, Inc.**

<u>Response:</u>

MCG Health objects to this request for production on the grounds that it is overbroad and unduly burdensome, that it seeks information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and that it is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

**25.    Please produce each and every handbook, rule, outline, manual, regulation, provision and/or document which outlines, governs, explains, lists or otherwise refers and/or explains each and every step in the Peer Review process at the Medical College of Georgia.**

<u>Response:</u>

Responsive documents in the possession of MCG Health are available for inspection at the offices of its counsel, Hull, Towill, Norman, Barrett and Salley, at a time mutually convenient to the parties.

**26.    Please produce a list of each and every physician that was ever peer reviewed for any reason or their medical staff privileges were terminated for any reason, including but not limited to practicing medicine below the standard of care, including the name, title, business address, and business telephone number of each and every physician that was peer**

18

reviewed, each and every reason why each and every physician was peer reviewed, and the name, title, business address, and business telephone number of each and every person that sat on each and every peer review committee of each and every physician at the Medical College of Georgia, to include any peer review of physicians at the Medical College of Georgia who also practiced at the Veterans Administration in Augusta, Georgia including each and every document and thing used to respond to Interrogatory No. 26.

Response:

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 and to the extent that it seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7, Request for Production numbered 11 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege. Such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this ground.

Documents in MCG Health's possession or custody to which these privileges apply are indicated in MCG Health's Privilege Log, produced in conjunction with these Responses.

27.    Please specifically produce any and all letters, memorandum, peer review documents, ad hoc peer review documents, minutes, and writings of any kind that touch upon

19

and deal with the circumstances concerning the list of peer reviewed physicians named in Request No. 30, including all documents and things that were used to respond to Interrogatory No. 6 and Interrogatory No. 13.

<u>Response:</u>

MCG Health objects to the scope of this request for production to the extent that it seeks discovery of information predating July 1, 2000 and to the extent that it seeks discovery of information regarding individuals other than surgeons who were members of the Section of Cardiothoracic Surgery of the Board of Regents of the University System of Georgia/Medical College of Georgia on the grounds that such requests are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome for the reasons described more fully in MCG Health's response to Request for Production numbered 7, Request for Production numbered 11 and Interrogatories numbered 2(a), 2(b) and 2(c).

MCG Health further objects to this request for production to the extent that it seeks information protected from disclosure by Georgia's peer review privilege, set out in O.C.G.A. § 31-7-133, et seq., and by Georgia's medical review committee privilege, set out in O.C.G.A. § 31-7-141, et seq., and by the federal self critical analysis privilege. Such request is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and MCG Health further objects on this ground.

MCG Health further objects to this request for production on the grounds that it is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome and is served for the improper purpose of harassing the defendant, causing unnecessary delay and leading to a needless increase in the cost of litigation.

28.    Please produce each and every recommendation including any and all