IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
KWABENA MAWULAWDE, M.D.,        *
                                *
        Plaintiff,              *
                                *
   v.                           *    CV 105-099
                                *
BOARD OF REGENTS OF THE         *
UNIVERSITY SYSTEM OF GEORGIA,   *
et. al.,                        *
                                *
        Defendants.             *
```

## O R D E R

Presently before the Court is Defendants' Motion to Reopen the Case and Defendants' Joint Motion to Reinstate Previous Motions. (Doc. nos. 261, 262.) Upon the following, Defendants' motions are **GRANTED IN PART**.

On August 24, 2007, discovery was reopened in the captioned matter for the limited purpose of allowing the parties to obtain peer review materials in light of the Eleventh Circuit's decision in Adkins v. Christie, 488 F.3d 1324 (11th Cir. 2007). (See Doc. no. 245.) On August 31, 2007, the Eleventh Circuit issued a stay of its mandate in Adkins pending a final disposition of the case by the United States Supreme Court. (See No. 06-13107-GG.) As a result, on October 26, 2007, this Court ordered the captioned case closed for statistical purposes pending a resolution of the peer review materials issue in Adkins before the Supreme Court. (Doc. no. 257.)

On January 7, 2008, the Supreme Court denied the Petition

for Certiorari. Adkins v. Christie, 488 F.3d 1324 (11th Cir. 2007), *cert. denied*, __ S. Ct. __, 2008 WL 59850 (2008). Thus, Defendants have moved to reopen the case and to reinstate the previously pending motions. Upon due consideration, the captioned case shall be **REOPENED** and restored to the active trial docket. **ALL MOTIONS** that were pending as of the Court's October 26, 2007 Order and all materials related to said motions are hereby **REINSTATED**.[1]

The parties shall have **SIXTY (60) DAYS** from the date of this Order to complete discovery. Such discovery **SHALL BE LIMITED** as set forth in the Court's Order of August 24, 2007. Defendants shall have **FIFTEEN (15) DAYS** from the close of discovery to supplement their materials in support of summary judgment. Thereafter, Plaintiff shall have **FIFTEEN (15) DAYS** to supplement his response. Any supplemental brief filed regarding the pending motions for summary judgment **SHALL BE LIMITED** to issues raised by the production of confidential peer review material pursuant to Adkins.

In regards to the reinstated motions, Defendants' Motion to Modify the Protective Order (doc. no. 247) is **GRANTED**. Accordingly, the Court will simultaneously enter Defendants' proposed modified protective order with this Order. Given the confidential nature of the requested documents, Defendants have indicated that the documents have been prepared for production to Plaintiff, pending the entry of an appropriate protective

---

[1] Consequently, Plaintiff's Motion to Reinstate Plaintiff's Motion to Compel and/or Motion for Sanctions (doc. no. 263) is **DENIED AS MOOT**.

order. (See Doc. no. 249 at 2-6.) Therefore, Plaintiff's Motion to Compel and/or Motion for Sanctions (doc. no. 246) is **DENIED**.[2] Although the motion to compel is denied, the Court finds that under Fed. R. Civ. P. 37(a)(5)(B), an award of expenses would be unjust under the circumstances of this case.

**ORDER ENTERED** at Augusta, Georgia, this  7th  day of February, 2008.

 HONORABLE LISA GODBEY WOOD
 UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Reply Brief to Defendants' Response to the Motion to Compel (doc. no. 253) raised for the first time an issue regarding the method by which the peer review documents should be produced. Defendant Health, Inc. conveyed that it has provided the 25,000 requested pages for Plaintiff's inspection in a conference room and asked that Plaintiff "flag" those documents he wishes to have photocopied. (Doc. no. 256 at 2.) Plaintiff's counsel contends that the revelation of the documents he wishes to have photocopied would fall within "the highly-protected category of opinion work product." (Doc. no. 253 at 1.)

Notably, Plaintiff's argument was specifically rejected in Keh v. Americus-Sumter County Hospital Authority, 2006 U.S. Dist. LEXIS 15670, *10-11 (M.D. Ga. 2006). In Keh, the Honorable W. Louis Sands denied Plaintiff's motion to compel, and reasoned that Defendants' request for an inventory of the documents Plaintiff wished to copy or have copied was reasonable and did not "impose an undue burden nor in any way prejudice Plaintiff's ability to conduct meaningful discovery." Id. at *12-13. This Court finds no reason to depart from the Middle District's holding and thus, declines to further entertain Plaintiff's argument.