IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| IN RE: JONATHAN LEE RICHES, | : | CIVIL ACTION |
|---|---|---|
| Proposed Intervenor. | : | NO. CV105-99 |
| | : | NO. CV206-192 |
| | : | NO. CV207-16 |
| | : | NO. CV207-23 |
| | : | NO. CV207-37 |
| | : | NO. CV207-38 |
| | : | NO. CV207-39 |
| | : | NO. CV207-65 |
| | : | NO. CV207-81 |
| | : | NO. CV207-87 |
| | : | NO. CV207-88 |
| | : | NO. CV207-91 |
| | : | NO. CV207-125 |
| | : | NO. CV207-154 |
| | : | NO. CV208-17 |
| | : | NO. CV208-66 |
| | : | NO. CV498-223 |
| | : | NO. CV403-16 |
| | : | NO. CV406-2 |
| | : | NO. CV406-263 |
| | : | NO. CV406-292 |
| | : | NO. CV407-26 |
| | : | NO. CV407-28 |
| | : | NO. CV407-117 |
| | : | NO. CV407-131 |
| | : | NO. CV407-140 |
| | : | NO. CV407-141 |
| | : | NO. CV407-145 |
| | : | NO. CV408-1 |
| | : | NO. CV408-14 |
| | : | NO. CV408-16 |
| | : | NO. CV408-68 |
| | : | NO. CV408-77 |
| | : | NO. CV408-86 |
| | : | NO. CV408-93 |
| | : | NO. CV408-96 |

**ORDER**

Proposed Intervenor, Jonathan Lee Riches, is serving a

ten year sentence for identity theft at Federal Corrections Institute Williamsburg, in Salters, South Carolina. On August 4 and 5, 2008, Riches filed thirty-five separate "motions to intervene/notices of appeal" in various, unrelated civil actions. These actions are either pending in the Southern District of Georgia or are closed cases that were formerly pending in this District. Riches's motions are identical in all material respects. In each motion, Riches attempts to intervene as a matter of right, pursuant to Federal Rule 24(a)(2), to appeal the case to the Eleventh Circuit Court of Appeals. Riches does not specify any interest that he has in any of the cases or that his rights are impacted in any way by the Court's decisions in those cases. Instead, Riches' submissions are short and general in nature.

Riches is a prolific filer of abusive, colorful, and fantastic claims against celebrities and others in various federal district courts throughout the nation. Riches has filed thousands of frivolous lawsuits, and several courts have restricted further pleadings from him or sanctioned him for his repeated, frivolous filings.

The Northern District of Georgia observed that Riches's "numerous and repeated filings -- all of which are unquestionably frivolous -- are substantially and

deleteriously straining the Court's limited resources. In short, something must be done now to curtail this completely unnecessary burden." In re Riches, 1:08-CV-0498-WBH, 2008 U.S. Dist. LEXIS 50922 at *1-*2 (N.D. Ga. Mar. 27, 2008). See also Jonathan Lee Riches v. Lemony Snicket, 3:08-CV-1, 2008 U.S. Dist. LEXIS 21061 *5 (N.D. W. Va. Mar. 14, 2008)(entering a pre-filing injunction against Riches and directing the Clerk to refuse new complaints from Riches absent leave of court); Jonathan Lee Riches v. Orenthal James Simpson, 6:07-CV-1504-Orl-31KRS, 2007 U.S. Dist. LEXIS 97314 at *2 (M.D. Fla. Sept. 24, 2007); LeMond Cycling v. Trek Bicycle Corp., Civ. No. 08-1010 (RHK/JSM), 2008 U.S. Dist. LEXIS 57291 (D. Minn. July 29, 2008).

The District of Maine, among others, has enjoined Riches from "making any type of filing in this case or any pending case in the District of Maine without prior leave of this Court." N. New England Tel. Operations, LLC v. Pub. Utilities Comm'n of Me., Civil No. 05-53-B-H, 2008 U.S. Dist. LEXIS 54694 (D. Me. July 17, 2008).

This Court has the inherent authority to sanction an abusive litigant to preserve the right of access to the courts for all and to promote the interests of justice. In determining whether to impose a prefiling injunction:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004).

Riches's recent filings in this District, and his litigation history in other districts, demonstrate that an injunction is necessary to prevent further abusive tactics by him, and the waste of the resources of the Court, other litigants, and their attorneys.

Accordingly, Riches is hereby **ENJOINED** from filing any further motion to intervene, or to seek leave to appeal based on such a proposed intervention, in any cases that are pending, or were pending, in the Southern District of Georgia, unless Riches obtains leave of the Court. Further, Riches's Motions seeking leave to intervene in the above-captioned cases are **DENIED**.[1] The Clerk is hereby **DIRECTED** to submit any future communications from Riches to the undersigned for

---

[1] The Court is aware that, with respect to those cases assigned to Judge B. Avant Edenfield, Riches's motions were denied, as facially frivolous, on August 18, 2008.

plenary review before filing.

This procedure ensures that the injunction is narrowly tailored to fit the specific circumstances of Riches's conduct, while limiting any negative effect that Riches's litigation conduct will have on the administration of justice.

**SO ORDERED**, this 26th day of August, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA