IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KWABENA MAWULAWDE, M.D., | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 105-099 |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF | * | |
| GEORGIA, MCG HEALTH, INC., | * | |
| d/b/a MCG HEALTHCARE, | * | |
| DANIEL W. RAHN, M.D., | * | |
| individually and in his | * | |
| official capacity as | * | |
| President, Medical College | * | |
| of Georgia, DAVID STERN, | * | |
| M.D., individually and in | * | |
| his official capacity as | * | |
| Dean, School of Medicine, | * | |
| Medical College of Georgia, | * | |
| and DON SNELL, | * | |
| individually and in his | * | |
| official capacity as | * | |
| President and CEO, | * | |
| MCG Health, Inc., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court are Plaintiff's Motion to Review Taxation of Costs Awarded by Clerk to Private Defendants and Plaintiff's Motion to Review Taxation of Costs Awarded by Clerk

to State Defendants.[1] (Docs. no. 354, 355.) For the reasons given below, Plaintiff's Motions are **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff, a cardiothoracic surgeon, is a former employee of the Board of Regents of the University System of Georgia (BOR). Plaintiff alleged various claims, filed in state court and then removed to federal court, against his former employer as well as other private entities (separately referred to as the "State Defendants" and the "Private Defendants"). Plaintiff claimed, inter alia, racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964. All Defendants were granted summary judgment on all claims by this Court in March, 2009. (Doc. no. 343.) Defendants are therefore the prevailing party for purposes of awarding costs. The summary judgment is currently on appeal to the United States Court of Appeals for the Eleventh Circuit. (Doc. no. 345.)

Following the Court's grant of summary judgment, Bills of Costs were filed by both the state and private Defendants within thirty (30) days, in compliance with Local Rule 54.1. (Docs. no. 347, 348). The Clerk of Court then taxed the costs for both sets of Defendants exactly as submitted by the Defendants. (Docs no. 350, 351.) Plaintiff timely filed his Motions to Review Taxation

---

[1] The Court refers to the arguments in Plaintiff's motions as objections to costs taxed.

2

of Costs Awarded for both the State and Private Defendants within five (5) days after entry of taxation by the Clerk in accordance with Federal Rule of Civil Procedure 54(d)(1), raising various objections to the award. (Docs. no. 354, 355.)

There is a strong presumption that the prevailing party will be awarded costs under Federal Rule of Civil Procedure 54(d). Drake-Sims v. Burlington Coat Factory Warehouse of Alabama, Inc., 2009 WL 1393621 (11th Cir. May 20, 2009) (citing Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007)). These costs are limited, however, to those permitted by 28 U.S.C. § 1920, which permits compensation for the following expenses:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The party opposing a taxation of costs must overcome the presumption of the award. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxation of costs is a matter of discretion for the District Court. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (citations omitted). Using the foregoing principles, the Court will discuss Plaintiff's arguments in the order set forth in his motions.

**1. Costs in Civil Rights Cases**

Plaintiff's first objection to the Clerk's taxation of costs is that Plaintiff should not bear costs *ab initio* because Plaintiff is a civil rights litigant in a poor financial situation. Plaintiff relies on Ninth Circuit precedent and various desegregation cases for this proposition, despite Plaintiff's own admission that his is not a desegregation case.

However, Eleventh Circuit law binding on this Court provides that a District Court may, but need not, consider Plaintiff's financial status in its award of costs. Chapman, 229 F.3d at 1039 (age and disability discrimination case). The Eleventh Circuit has instructed that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id.

In support of his assertion of an inability to pay, Plaintiff provides a four paragraph affidavit stating the following: he is, at the time of his affidavit, unemployed; since losing his former employment with the BOR in 2003, he has been unable to find employment as a physician faculty member or as a surgeon; and that he has worked for one year, from April 2005 to April 2006, in a medical fellowship earning a $40,000.00 annual salary.

The Court has considered the Plaintiff's financial condition, and finds that Plaintiff has not provided substantial documentation of a true inability to pay. Plaintiff's affidavit is unaccompanied by tax returns, pay stubs, or other outside documentation; it does not list Plaintiff's actual income or holdings; it does not list the length of Plaintiff's unemployment or indicate whether Plaintiff has tried to find work outside the medical profession. Plaintiff's argument is thus rejected. Cf. Dillahay v. City of East Point, 2006 U.S. Dist. LEXIS 77406 (N.D. Ga. June 27, 2006) (denying motion for reduction of costs for similar reasons in race discrimination in employment case).

In any event, Plaintiff is asking the Court in consideration of his financial situation to not award costs at all. The Court cannot, however, consistent with this Circuit's law, award no costs because it is clear that "[e]ven in those

rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." Chapman, 229 F.3d at 1039. Plaintiff's objection, therefore, is **OVERRULED**.

## 2. Deposition Costs

Next, Plaintiff objects to costs taxed for depositions. Taxation of deposition costs is authorized by § 1920(2). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000) (citation omitted). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W & O, 213 F.3d at 620. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

Plaintiff argues, without more, that "defendants have failed to show that the costs of the depositions they are claiming were necessary in this case." (Doc. no. 355, p. 6.) The Defendants, however, do not have this burden. Misener Marine Const., Inc. v. Norfolk Dredging Co., No. 404-146, 2008 WL

6

5046174, at *9 (S.D. Ga. Nov. 24, 2008) (placing burden of proof that deposition transcripts were necessarily obtained on party moving to review costs taxed). Rather, there is a presumption that costs will be awarded to the prevailing party and the losing party has the burden to overcome the presumption.[2] Plaintiff has woefully failed to show why any depositions were not necessary. Thus, his argument is rejected.

Plaintiff further argues that the taxed deposition costs should be reduced in two ways. First, because the State Defendants and Private Defendants were represented by members of the same law firm, Plaintiff alleges it is unfair and duplicative to tax deposition copies for both sets of Defendants. Plaintiff's argument is unavailing. The State and Private Defendants were distinct parties to this litigation, were represented by separate counsel, and filed separate motions for summary judgment with unique arguments. The fact that Defendants' attorneys are members of the same law firm does not mean they must share one community copy of each deposition taken

---

[2] Defendants do nevertheless raise arguments justifying why depositions they took—Drs. Anstadt and Zumbro, Plaintiff, Ms. Clark, and Ms. Noble—were necessary in the case. To wit, that these individuals were identified by Plaintiff in his initial discovery disclosures under Rule 26(a) as possessing information in support of his claims or offered affidavit testimony on behalf of Plaintiff. It is true, as the Defendants' state, that if the deposed witness is on the losing party's witness list, taxing the deposition cost to the losing party is proper. W & O, 213 F.3d at 621. However, the record does not contain a witness list from a pre-trial order nor the parties' initial disclosures under Federal rule of Civil Procedure 26(a). A pre-trial order was not filed in this case, and the absence of the 26(a) disclosures is explained by Local Rule 26.4(a) providing that counsel in possession of the original discovery materials shall act for the Court as custodian and preserve the materials.

7

in the case. The law of this Circuit provides that each attorney is entitled to a copy of depositions in the case to adequately prepare for trial. See United States v. Kolestar, 313 F.2d 835, 839-40 (5th Cir. 1963).[3] The court will not reduce costs based on this objection.

Second, Plaintiff argues for deductions in the costs taxed for "the take down and originals" of the depositions it noticed, since Plaintiff alleges it has already paid for these services. (Doc. no. 355, p. 6.) Plaintiff does not directly indentify any such costs or provide any documentation supporting his assertion.

The Court observes that the Bill of Costs includes a charge for the original of Antwan Londale Treadway's deposition transcript, which all parties admit Plaintiff noticed. The Private Defendants' submissions to the Court, however, indicate that it was billed for the original of this deposition, and Plaintiff has not provided documentation otherwise. (See Doc. no. 347, Ex. A p.15 of 22.) The Court, thus, finds no reason to reduce the costs taxed based on this objection.

Upon the foregoing, Plaintiff's objections to deposition costs taxed are **OVERRRULED**.

---

[3] Fifth Circuit decisions handed down prior to October 1, 1981 are binding in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

8

### 3. Copying Charges

Plaintiff further objects on two grounds to photocopying costs taxed in the case. Photocopy costs of $ 11,543.40 and $ 4,522.60 by the Private and State Defendants, respectively, have been taxed. As an initial matter, taxation of photocopying costs "of papers necessarily obtained for use in the case" is authorized by § 1920(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623.

Plaintiff does not object to photocopy costs by asserting any papers copied were unnecessary. Rather, Plaintiff's first argument is that he should not have to bear costs associated with the Defendants' copying for Plaintiff of certain peer-reviewed discovery documents produced by Defendant MCG Health, Inc., one of the private defendants, because Plaintiff's suggested method of peer-review was rejected by the district court. The Court does not accept this argument.

In a Reply Brief to Defendants' Response to a Motion to Compel (doc. no. 253), Plaintiff's counsel suggested that the Court order Defendants to make certain discovery documents available for inspection and copying, pursuant to Rule 34, without more in order to avoid invasion of Plaintiff Counsel's opinion work product through observation of Plaintiff's

9

selection of which documents to copy from the lot. The district court declined to grant Plaintiff's request. (Order of February 7, 2008, Doc. no. 266, p.3 n.2.) Defendant MCG Health, Inc. produced documents pursuant to Court order, made them available for Plaintiff to inspect, Plaintiff flagged which documents he wished to be copied, and Defendant copied the selected documents for Plaintiff. Plaintiff, the losing party, now wishes to avoid the cost of the copies.

The fact that the District Court did not sustain Plaintiff's preferred method of production does not render Plaintiff immune from costs taxed for photocopies of documents he selected. Defendant MCG Health, Inc. did not have the obligation under Rule 34 to pay for copies of the documents it produced for inspection by Plaintiff. Further, copies made of discovery items are properly taxable to the losing party under § 1920(4). W & O, 213 F.3d at 623. The Court will not reduce costs on this basis.

Plaintiff's second objection to the photocopy costs taxed is that the Defendants' rate of $ 0.20 per page is excessive, in light of what Plaintiff claims to be the commercially available copying rate, as of the date of Plaintiff's objection, of $ 0.10 per page. Plaintiff's counsel cites his inquiry of "Kinko's in Augusta, Georgia on May, 11, 2009" as support for the $ 0.10 figure. (Docs. no. 354, p.7; 355, p.7.) Plaintiff suggests

copies made for convenience of the parties should be reduced commensurate with the $ 0.10 rate, else litigants will be discouraged from bringing meritorious lawsuits.

In considering the taxing of photocopy costs, other district courts, including those in the Eleventh Circuit, have reasoned that the rate for such costs should approximate the rate of local print shops, unless a higher in-house rate is factually supported as reasonable by the party requesting costs. Mitchell v. Osceola Farms Co., No. 05-80825, 2007 U.S. Dist. LEXIS, at *20-22 (S.D. Fl. March 29, 2007); see also Streicher v. Hous. Auth. Of Savannah, No. 406-292, 2008 U.S. Dist. LEXIS 43335 (S.D. Ga. June 3, 2008) (denying any costs for photocopying after stating " . . . the supposed cost of twenty-five cents per page is inordinately high in today's modern world, where one can make copies at a for-profit location for nine cents a page"); Walsh v. Paccar, Inc., No. 04-10304, 2007 U.S. Dist. LEXIS 53767, *7-8 (D. Mass. July 25, 2007) (collecting cases where photocopy page rates were reduced).

Here, the Private Defendants simply calculated all photocopy costs using a $ 0.20 rate in their Bill of Costs without more. (Doc. no. 347-2, p.17.) Upon calculation, it is apparent that the State Defendants also, albeit implicitly, charged $ 0.20 per page in their Bill of Costs. (Doc. no. 348, p.12.) Plaintiff then made his objection to the copy rate in his

Motions to Review Costs Awarded. Defendants, however, chose not to respond to the objection whatsoever.

The Court joins its fellow district courts in taxing the local rate absent factual support justifying the higher in-house rate. Here, the Court only has evidence of a single local print shop rate of $ 0.10 per page, and can only speculate as to the justification for Defendants' $ 0.20 per page charge. The Court finds that a rate of $ 0.15 per page is reasonable, and awards photocopy costs commensurate with that figure, bringing the total costs taxed for photocopying to $ 8,657.55 and $ 3,391.95, for the Private and State Defendants, respectively.

Plaintiff further objects to photocopy costs arguing, in one sentence, that "[b]ecause the pleadings were electronically filed in the case, costs for service of paper copies should not be allowed." (Docs. no. 354, p.7; 355, p.7.) Plaintiff's argument presents an incomplete picture.

Plaintiff originally filed his action in state court in 2004. Defendants then removed the case to federal District Court for the Northern District of Georgia that same year. Finally, the case was transferred to this Court in 2005. Mandatory electronic filing only applied once the case reached this Court, and then only after February 1, 2008, towards the tail end of this case. Defendants' Bills of Costs reflect that the Defendants have only billed costs the original hard copy of

pleadings filed from February 1, 2008, onward. The Court, in its discretion, finds this reasonable and overrules the objection.

In sum, the photocopy objection based on the rejection of Plaintiff's preferred peer-review method is **OVERRULED**, the objection based on the photocopy rate charged is **SUSTAINED,** and the objection regarding the photocopy of each paper pleading that was electronically filed is **OVERRULED**.

### 4. Application of State Law in Awarding Costs

Finally, Plaintiff objects to costs in the case which would not have been taxed but for removal from state court to federal court. Plaintiff urges this Court to deny such costs through application of Georgia law, specifically arguing that awarding such costs would deny Plaintiff's Due Process rights under the Georgia Constitution. The Court will not do so.

Defendants are entitled to removal pursuant to the terms of 28 U.S.C. § 1441. Once Plaintiff's case was removed to federal court, Federal Rule of Civil Procedure 81(c) rendered all Federal Rules of Civil Procedure applicable to Plaintiff's case, including Rule 54(d), which authorizes the award of costs to a prevailing party. Federal, not state, law governs the inquiry here. Plaintiff's final objection is **OVERRULED**.

### 5. Costs Taxed Unaddressed by the Parties

Defendants billed and the Clerk taxed several other items of litigation costs in the case against the Plaintiff, which the parties have not addressed in the instant motions to review costs awarded and responses thereto.

Specifically, the Private Defendants have billed costs of the Clerk in the amount of $ 75.00, costs associated with service of process in the amount of $ 350.00, and costs due to witnesses in the amount of $ 125.00. Likewise, the State Defendants have billed costs of the Clerk in the amount of $ 75.00, costs associated with service of process in the amount of $ 75.00, and costs due to witnesses in the amount of $ 1,039.10.

Costs of the Clerk are authorized by § 1920(1), costs associated with service of process and subpoena, by U.S. Marshal or a private process server, are authorized by § 1920(1), and costs due to witnesses are authorized by § 1920(3). Hearing no objection and upon the foregoing statutory authorization and Rule 54(d), the Court directs that these costs shall be awarded to the Defendants as taxed by the Clerk.

For the foregoing reasons, Plaintiff's Motions to Review Taxation of Costs Awarded are **GRANTED IN PART** and **DENIED IN PART**. The Clerk of the Court is hereby **DIRECTED** to **TAX** the following costs against the Plaintiff in favor of the Private Defendants:

```
Fees of the Clerk . . . . . . . . . . . . . $       75.00
Fees for service of summons and
     subpoena . . . . . . . . . . . . . .          350.00
Fees for printed or electronically
     recorded transcripts necessarily
     obtained for use in the case . . .          9,519.23
Fees for witnesses . . . . . . . . . . . .         125.00
Fees for exemplification and the costs
     of making copies of any materials
     where the copies are necessarily
     obtained for use in the case . . .          8,657.55

Total                                         $ 18,726.78
```

Furthermore, the Clerk of the Court is hereby **DIRECTED** to **TAX** the following costs against the Plaintiff in favor of the State Defendants:

```
Fees of the Clerk . . . . . . . . . . . . . $       75.00
Fees for service of summons and
     subpoena . . . . . . . . . . . . . .           75.00
Fees for printed or electronically
     recorded transcripts necessarily
     obtained for use in the case . . .          8,530.12
Fees for witnesses . . . . . . . . . . . .       1,039.10
Fees for exemplification and the costs
     of making copies of any materials
     where the copies are necessarily
     obtained for use in the case . . .          3,391.95

Total                                         $ 13,111.17
```

**ORDER ENTERED** at Augusta, Georgia, this 9th day of November, 2009.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA